## J. Dwight Palmer v. The Marquette & Pacific Rolling Mill Company.

*Declaration: Contract: Statute of frauds: Evidence.* Under a declaration counting upon a contract not to be performed within a year from the time it was made, it is incumbent on the plaintiff, under the statute of frauds, to show that the contract, or a memorandum thereof, was reduced to writing and signed by or on behalf of the defendants.

*Statute of frauds: Memorandum: Terms of the contract.* And a memorandum, to comply with the statute, where the contract is not written out, must embrace all the substantial terms of the contract (except the consideration), and cannot be aided by parol evidence when essentially defective.

*Statute of frauds: Memorandum: Telegram: Contract.* A telegram to "come on at once at salary of two thousand, conditional only upon satisfactory discharge of business," lacks some of the essential terms of a contract, in that it fixes no time for the continuance of the employment, and does not even name the employment itself.

*Salary: Construction: Time of employment.* The use of the word "salary" in a sense evidently implying a year's compensation, cannot be said to indicate an intent to fix the time of employment at a single year rather than at a term of years; and the one is just as consistent with what appears in the writing in question, as the other.

*Heard June 10.    Decided June 18*

Error to Marquette Circuit.

*Parks & Hayden, Wilson H. Gray* and *Mitchel & Pratt,* for plaintiff in error.

*Daliba & Mapes* and *Ball & Black,* for defendant in error, were stopped by the court.

COOLEY, J:

The plaintiff sues the defendants for breach of a contract whereby as he alleges he was employed by them as dock superintendent at their works at Marquette. The contract is alleged to have been made August 8, 1872, for one year from August 14, 1872. Plaintiff entered upon the employment on the day last named, and was discharged January 1st, 1873.

To prove the contract, plaintiff gave in evidence certain oral negotiations between Mr. H. A. Burt, the agent of defendants, and himself, in which he proposed to enter the service of defendants at two thousand dollars a year, and Mr. Burt thought that sum was too high. This was about the first day of August, 1872. On the seventh of the same month Mr. Burt sent him the following telegram:

"CHICAGO, August 7, 1872.

*To Dwight Palmer:* You may come on at once at salary of two thousand, conditional only upon satisfactory discharge of business.

"(Signed) H. A. BURT, *Agent.*"

It was this telegram, with the previous negotiations, that the plaintiff relied upon to make out the contract.

As he had counted upon a contract not to be performed within a year from the time it was made, it was incumbent on the plaintiff to show that the contract, or a memorandum thereof, was reduced to writing and signed by or on behalf of the defendants. And a memorandum, when the contract is not written out, must embrace all its substantial terms (except the consideration.—*Comp. L.* § *4702*), and cannot be aided by parol evidence when essentially defective. —*Hall v. Soule, 11 Mich. 494; Abell v. Munson, 18 Mich.*

*306.* It is impossible to say that the telegram contains all the essential terms of a contract. It fixes no time for the continuance of the employment, and it does not name the employment itself. The plaintiff insists that the use of the word "salary," in a sense evidently implying a year's compensation, indicates that it was to continue a year at least, but if the bargain was thought by defendants to be favorable to their interest, it must be as much open to them to show that a term of years was agreed upon, as for the plaintiff to insist upon a single year. The one is just as consistent with what appears in the writing as the other.

Then as to the employment: the plaintiff says the telegram engaged him in service as dock superintendent. But it is just as consistent with the dispatch, that Mr. Burt had in mind the position of private watchman, or master of one of the company's vessels, if they have any. It is manifest that on some such matters, which are of the very essence of the contract, the telegram settles nothing.

The judgment must be affirmed, with costs.

The other Justices concurred.