### GRAVES *v.* LYON BROS. & CO.

1. CONTRACTS—EMPLOYER AND EMPLOYÉ—QUESTION FOR JURY.
   Whether or not the statement of an employer that the salary of an employé, who had previously been hired by the month, would have to be reduced to a stated sum "for the year," and the latter's assent to the reduction, created a new contract of employment for a year, is a proper question for the jury.

2. SAME—SUBSTITUTED AGREEMENT—APPEAL.
   In an action on a contract of employment, the question whether such contract was superseded by a subsequent agreement is not sufficiently raised to warrant its consideration on appeal by a mere request to direct a verdict for the defendant for stated reasons, not including the alleged change in the contract.

Error to Wayne; Donovan, J. Submitted October 23, 1896. Decided November 17, 1896.

*Assumpsit* by Arthur L. Graves against Lyon Brothers & Company upon a contract of employment. From a judgment for plaintiff, defendant brings error. Affirmed.

*Moore & Moore*, for appellant.

*Maybury & Lucking*, for appellee.

GRANT, J. This suit originated in justice's court, and was appealed to the circuit court, where plaintiff obtained judgment. He sued the defendant corporation to recover a balance claimed to be due on a contract of hire for a year. For two years previous to 1893 he had been employed by the defendant by the month. On January 4, 1893, according to his testimony, the manager of the defendant informed him that his "pay would have to be reduced to $600 for the year;" that he replied, "If that was all he could pay, he [plaintiff] would go on doing his work." About the middle of March plaintiff was discharged. At that time he said to the manager of the defendant, "You understand you made a contract with me for $600 for the year from the 1st of January;" and he said, "I can't help that; it is a case of two against one." Plaintiff was paid about the 1st of April, obtained other employment at a reduced compensation, and at the close of the year brought this suit, and recovered the year's compensation less what had been paid him and what he had earned.

1. Defendant insists that there was no change of employment by the month to employment by the year. We think it is a fair inference, from plaintiff's version of the conversation, that the contract was one for a year. Defendant's agent denied the conversation, and under his view it was a hiring by the month. The court left the question to the jury, instructing them to consider all the evidence in the case in determining the question.

2. It is claimed that the wife of plaintiff and the wife of the manager of the defendant made an arrangement by which plaintiff's salary was increased to $60 a month, that he was paid the extra amount, and that this formed a new contract of hiring by the month. We find no evidence that this was brought to the knowledge of the plaintiff, or assented to by him. The point was not raised in the court below, nor is there any assignment of error to cover the point, unless it be a request to direct a verdict for the defendant. Two such requests were preferred,

but each of them states the reasons upon which it is based, but does not include this point. Other questions were raised which we do not deem of sufficient importance to discuss.

We find no error upon the record, and the judgment is affirmed.

The other Justices concurred.