DYKEMA *v.* STORY & CLARK PIANO CO.

FRAUDS, STATUTE OF—VERBAL CONTRACT OF HIRE FOR A YEAR—VA-
LIDITY—TIME.

> A verbal contract of hire for one year which could have
> commenced on the following day and therefore been com-
> pleted within a year from the day it was entered into,
> is *held*, not void under the statute of frauds (3 Comp.
> Laws 1915, § 11981, subd. 1); the law not taking account
> of fractions of a day. WIEST, BIRD, and MOORE, JJ., dis-
> senting.

Error to Ottawa; Cross (Orien S.), J. Submitted
April 7, 1922. (Docket No. 44.) Decided, December
5, 1922.

Assumpsit by John P. Dykema against the Story &
Clark Piano Company for breach of a contract of em-
ployment. Judgment for plaintiff. Defendant brings
error. Affirmed.

*Leo C. Lillie,* for appellant.

*Louis H. Osterhous,* for appellee.

FELLOWS, C. J.    It must be conceded that the pre-
cise question here involved has not been decided by
this court.    It must be conceded that the authorities
both in this country and in England are in conflict.
It must be conceded that we have no statute similar
to the Alabama and the New York statutes to which
attention is called in my Brother WIEST'S opinion.
But I think it must also be conceded that our bench
law has pretty thoroughly settled the question of com-
putation of time.    Illustrative of our cases will be
found *Jocque* v. *McRae,* 142 Mich. 370, cited by my

On validity of oral contract for a year's services to commence
*in futuro,* see notes in 2 L. R. A. (N. S.) 738; 15 L. R. A.
(N. S.) 313.

Brother.    In *Prokop* v. *Bedford Waist & Dress Co.*, 173 N. Y. Supp. 792, in a very able opinion the authorities both in this country and in England are fully reviewed.    I content myself with citing that case without here taking up all the cases.    I think, however, two of the cases relied upon by, my Brother to support his conclusion should be considered.    In *Chase* v. *Hinkley*, 126 Wis. 75 (105 N. W. 230, 2 L. R. A. [N. S.] 738, 5 Ann. Cas. 328, 110 Am. St. Rep. 896), the proof left the date of the agreement in doubt but the court found that it was made on October 29, 1903, work to begin November 1st.    The case before Lord Ellenborough in *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 722, was an agreement made May 27th to enter defendant's service as groom and gardener on June 30th following for a term of service of 12 months. Both cases were clearly within the statute of frauds and the language of the opinions must be considered as applicable to the facts before the court.    By the terms of the agreement before us plaintiff could have commenced performance of his contract October 22, 1920; had he done so he would have completed it October 21, 1921.    This would have been within a year from the day it was entered into (October 21, 1920).    The law does not take account of fractions of a day.    I think the agreement was not within the statute of frauds and that the judgment should be affirmed.

McDONALD, CLARK, SHARPE, and STEERE, JJ., concurred with FELLOWS, C. J.

WIEST, J. (*dissenting*).    Plaintiff brought this suit upon a claimed verbal contract of hire for one year and a breach thereof by defendant after eight months' employment.    Defendant pleaded the general issue and gave notice of the statute of frauds.    The contract was made October 21, 1919, but plaintiff did not

commence work until November 3, 1919, on account of the need of being released from an existing employment, and admits he did not intend to commence his work under the contract the day of the making thereof.    Plaintiff had judgment and the case is here for review on writ of error.

The record presents the questions:

"Is an oral contract of employment for one year, the employment to commence on the day following the making of the contract, within the statute of frauds? Is such a contract one that is not to be completed within a year, but one that will require one year and one day, from the date of making?"

Counsel for plaintiff concedes that a contract of employment for one year to begin at a future date is void under the statute, but insists that the day of the making of the contract may be excluded.

The statute makes void:

"Every agreement that, by its terms, is not to be performed in one year from the making thereof."    3 Comp. Laws 1915, § 11981, subd. 1.

The question presented turns upon whether, under this statute, in computing the period, the day of making the contract may be excluded.    It would seem, from its language, that the statute clearly includes the day of the making of the contract.

Counsel for plaintiff, however, cites, in support of the exclusion of the day of the making of the contract, the following cases: *Dickson & Co.* v. *Frisbee,* 52 Ala. 165 (23 Am. Rep. 565) ; *Cawthorne* v. *Cordrey,* 13 C. B. (N. S.) 406; *Smith* v. *Gold Coast & Ashanti Explorers, Ltd.* (1903), 1 K. B. 285; *Prokop* v. *Bedford Waist & Dress Co.,* 173 N. Y. Supp. 792 (affirmed 187 App. Div. 662 [176 N. Y. Supp. 376]) ; to which may be added *Beller* v. *Klotz,* 9 Sask. L. R. 419.

In *Dickson & Co.* v. *Frisbee,* attention was called to the statute of Alabama, "which provides that in

computing the time within which any act is required to be done, there must be an exclusion of the first day and an inclusion of the last." Outside of procedural regulations there is no such statutory provision in this State.

In *Prokop* v. *Bedford Waist & Dress Co.*, the appellate division in affirming the decision of the supreme court directed attention to the following statute of New York State:

"In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning."

It is true the appellate division affirmed the general rule adopted by the supreme court. This decision by an intermediate court in effect overruled many of the earlier decisions of intermediate courts in that State. We do not find any decision upon the question by the New York court of appeals. All other courts in this country, having occasion to pass upon the question, apparently include the day of the making of the contract.

In *Smith* v. *Gold Coast & Ashanti Explorers, Ltd.*, the earlier cases in England were overruled and the *dictum* in *Cawthorne* v. *Cordrey* adopted as the rule. The earlier English cases so overruled have been quite uniformly adopted by courts in this country as authority for including the day of the making of the contract. The case of *Beller* v. *Klotz* but follows the present English rule.

Text-writers and works of reference in this country are quite uniform in stating the rule as inclusive of the day of the making of the contract, and mention as the only authorities in this country to the contrary, the decisions in New York and Alabama.

Unless we hold that the statute of frauds does not

contemplate fractions of a day, and, therefore, time is to be computed from the next day, the contract in suit is within the statute.    According to plaintiff's testimony the contract was not to be performed within one year from the making thereof, but at the very best in one year and one day therefrom.    It is clear plaintiff contracted for a full year of service for defendant, not commencing, however, the day of the making of the contract.

In 27 C. J. pp. 186, 187, the rule is stated:

"By the weight of authority a verbal contract of . hiring for a year from a future day, even though it may be the next day after the making of the contract, is within the statute, although in a few jurisdictions it is held that a verbal contract made on one day for a year's service to commence on the following day does not fall within the statute."

Counsel for plaintiff seeks to draw a distinction between a contract to commence the day after the making thereof and one for a later date.    There is no such distinction according to the great weight of authority, and, therefore, cases where several days intervene are in point.    It is immaterial whether the contract is to commence the next day or any other day in the future, as such future commencement throws the period beyond a year and brings the contract within the statute.

We approve of the following holding in *Chase* v. *Hinkley*, 126 Wis. 75 (105 N. W. 230, 2 L. R. A. [N. S.] 738, 5 Ann. Cas. 328, 110 Am. St. Rep. 896) :

"Any excess of the year period, however short, is sufficient to satisfy the statute.    That was stated very forcibly by Lord Ellenborough in *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 722, the reason therefor being expressed in these words:

"'If we were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop; for in point

of reason, an excess of twenty years will equally not be within the act. Such difficulties rather turn upon the policy, than upon the construction of the statute.' "

This famous utterance of Lord Ellenborough has become too firmly fixed in American jurisprudence to be shaken by the latest English exposition of the rule. The New York and Alabama cases, with statutes in their backgrounds, lose all persuasive force.

We hold a contract for a year's services to commence in the future, even though such future be designated as the next day, falls within the statute and is void. Such a contract is one not to be performed in one year from the making thereof. *Palmer* v. *Rolling Mill Co.*, 32 Mich. 274; *Davis* v. *Insurance Co.*, 127 Mich. 559; *Carroll* v. *Palmer Manfg. Co.*, 181 Mich. 280; *White* v. *Fitts*, 102 Me. 240 (66 Atl. 533, 15 L. R. A. [N. S.] 313, 120 Am. St. Rep. 483); *O'Donnell* v. *Daily News Co.*, 119 Minn. 378 (138 N. W. 677); *Chase* v. *Hinkley, supra; Sutcliffe* v. *Atlantic Mills*, 13 R. I. 480 (43 Am. Rep. 39).

The learned circuit judge was in error in the following instruction:

"It is a general rule that where the statute provides a certain thing shall be done in a period of time from a certain day or within a certain time, that in computing the time for the performance the first day is excluded in the computation. This general rule applies to this case and in computing the period of one year within which it is necessary the claimed verbal contract sued upon should run, the day of the making of the agreement is to be excluded, and the year of limitation mentioned in the statute would not commence to run until the following day. So I charge you that if you find from the evidence in this case, that it might have been possible for Mr. Dykema to have entered upon his employment with the defendant on the day following the day on which the claimed agreement was made, if you find it was made for one year, then the agreement would be valid for one year, although not in writing.

"I charge you that if the employment of Mr. Dykema was for one year and was to commence, or might by any possibility have commenced, on the day following the date of the making of the agreement, the contract would be valid and binding and not within the statute of frauds, even though not in writing, and if you so find,. and further find that the contract was made for one year as claimed by the plaintiff, then your verdict must be for the plaintiff, unless you find that plaintiff was discharged because he failed to properly perform his work."

The judgment should be reversed and a new trial granted, with costs to defendant.

BIRD and MOORE, JJ., concurred with WIEST, J.