JACKSON v. ANDERSON FORGE & MACHINE CO.

MASTER AND SERVANT—EVIDENCE—CONTRACT OF EMPLOYMENT.
  In an action for the balance of salary claimed to be due plaintiff under a contract of employment for a year, where he was discharged before the year was up, and the issue was as to whether the contract was an indefinite one, as

claimed by defendant, or one for a year, as claimed by plaintiff, an admission by defendant's manager that by a letter in evidence written by him to plaintiff he intended to offer plaintiff a contract for a year at $2,500, and plaintiff's unequivocal testimony that he accepted said offer in writing *held*, to justify the conclusion of the trial court that a binding contract for a year resulted.

Error to Wayne; Driscoll (George O.), J., presiding. Submitted January 24, 1923. (Docket No. 40.) Decided March 22, 1923.

Assumpsit by Lewell C. Jackson against the Anderson Forge & Machine Company for the balance of salary due under a contract of employment. Judgment for plaintiff. Defendant brings error. Affirmed.

*J. O. Murfin* (*Howard H. Campbell,* of counsel), for appellant.

*Lodge & Brown,* for appellee.

SHARPE, J. On December 24, 1915, defendant's general manager, C. F. Wade, wrote plaintiff:

"We are pleased to advise that effective January 1, 1916, your salary will be increased from its present $45 per week to $2,500 per year."

Plaintiff, who was at that time in the employ of defendant, testified that within a few days after December 24th he wrote and signed an acceptance, reading, "I hereby acknowledge and accept your contract for the year 1916," and handed it to Mr. Wade. He continued work after January 1, 1916, and was paid therefor at the rate stated in this letter. He was discharged on January 31st, though paid for services for the month of February. This action was brought to recover the balance of his salary for 1916. Defendant's manager denied that plaintiff accepted the offer contained in the letter of December 24th, and relied on the statute (3 Comp. Laws 1915, § 11981), which

renders void all such contracts not to be performed within one year. This question was submitted to the jury, who found for plaintiff. The judgment is here reviewed by writ of error.

Defendant insists that the offer contained in the letter was not one for employment for a year, but an offer to pay plaintiff at the rate of $2,500 per year for an indefinite time and that plaintiff's acceptance could not change the meaning of the language of the offer. Plaintiff testified that prior to December 24th there were negotiations between Mr. Wade and himself relative to his continuing in the service of defendant; that on the 24th Mr. Wade presented to him a written contract (Exhibit 1), providing for payment at the rate of $2,500 per year for an indefinite time; that he refused to sign it, saying, "I want a year's contract;" that Mr. Wade then dictated the letter in his presence and he thereafter accepted the offer contained therein as already stated. Mr. Wade, called by defendant, denied that plaintiff's letter of acceptance was received by him. On cross-examination he testified:

"Jackson and I had had some discussion previous to December 24th, with reference to his staying with the company in 1916. Mr. Jackson wanted a contract. That is correct. I can't recall that he did tell me he had an opportunity to locate elsewhere under a yearly contract. He had an opportunity to go elsewhere under an advantageous arrangement.

"*Q.* And he insisted that you make a year's contract for 1916?

"*A.* Yes.

"*Q.* And you agreed to give him a contract?

"*A.* Not at first.

"*Q.* For 1916, not at first?

"*A.* No, sir.

"*Q.* But you did later?

"*A.* I did later.

"*Q.* It was in accordance with this agreement covering a year's contract that you prepared this Exhibit 1?

"*A.* Yes."

That on plaintiff's refusal to accept the agreement first prepared, for the reason that it did not provide for a yearly hiring, he dictated the letter of December 24th. This testimony was received without objection. The letter purported to change the compensation plaintiff should thereafter receive from the weekly sum theretofore paid to a fixed yearly amount. If the language contained in it is ambiguous or uncertain, the testimony of Mr. Wade makes it certain that he intended by the letter to offer plaintiff employment for a year. Plaintiff's acceptance was unequivocal. We cannot but agree with the trial court that, if plaintiff accepted in the manner claimed by him, a binding contract for employment for the year 1916 resulted.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.