SOUTHWELL *v.* PARKER PLOW CO.

1. FRAUDS, STATUTE OF — CONTRACT VALID IF CAPABLE OF PERFORMANCE WITHIN YEAR.

   A contract is not within the statute of frauds if by its terms it is capable or possible of performance within a year.[1]

2. SAME—CONTRACT OF EMPLOYMENT—INDEFINITENESS.

   An offer and acceptance, by correspondence, of employment at a specified yearly salary, to begin on a certain date, or sooner if possible, created a contract possible of performance within a year, and it was, therefore, not void, under the statute of frauds, for indefiniteness.[2]

3. MASTER AND SERVANT—FIXING ANNUAL SALARY IN CONTRACT OF EMPLOYMENT CONSTITUTES HIRING FOR YEAR WHERE NO DEFINITE TERM MENTIONED.

   The fixing of an annual salary in a contract of employment, standing alone, imports an annual employment, and therefore a hiring for one year results, although the contract is otherwise silent as to the term of employment.[3]

Error to Bay; Houghton (Samuel G.), J. Submitted January 7, 1926. (Docket No. 50.) Decided March 20, 1926.

Assumpsit by Frank Southwell against the Parker Plow Company for breach of a contract of employment. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*W. J. Nash* and *Otto & Holland,* for appellant.

*Robert H. Lane,* for appellee.

FELLOWS, J.     On May 24, 1923, after negotiations

---

[1]Frauds, Statute of, 27 C. J. § 96; [2]Id., 27 C. J. § 115; [3]Master and Servant, 39 C. J. § 18.

Oral contract for year's services as within the statute of frauds, see note in 27 A. L. R. 663.

Duration of contract of hiring which fixes no term but specifies compensation at a certain amount per day, week, month or year, see notes in 25 L. R. A. (N. S.) 529; 51 L. R. A. (N. S.) 629.

between the parties, defendant wrote plaintiff the following letter:

"This is to confirm the agreement of yourself and the Parker Plow Company as traveling salesman, commencing not later than July 15, 1923, or sooner if possible.    Salary twenty-five hundred a year and expenses when away from home.    Salary payable on demand when earned.    The territory you will work will be Michigan, Ohio, Indiana, Wisconsin and Minnesota."

Plaintiff testified that upon receipt of this letter he wrote defendant a letter unequivocally accepting the offer, agreeing to begin work not later than July 15, 1923, or sooner if possible, and continue for a year. There is sufficient testimony of mailing this letter to take that question to the jury.    Plaintiff commenced work for defendant and continued in its employ until November 28th following, when defendant notified him his services were no longer wanted.    This action is brought to recover for damages claimed to have been occasioned by such discharge.    The trial judge directed a verdict for the defendant on the ground that the contract was within the statute of frauds because it was not to be performed within a year and that the letter above quoted was not sufficiently definite to satisfy the statute.

1. No point is made that the statute may not be satisfied by correspondence as well as by formal contract.    In the correspondence the performance of the contract was to begin July 15 "or sooner if possible." By its terms, plaintiff could have commenced work the day he sent his letter of acceptance or the following day (*Dykema* v. *Story & Clark Piano Co.*, 220 Mich. 600 [27 A. L. R. 660]).    This court has uniformly recognized the rule that a contract is not within the statute if by its terms it is capable or possible of performance within the year.    In the recent case of

*Epstean* v. *Mintz*, 226 Mich. 660, it was said by Mr. Justice McDONALD, speaking for the court:

"There are no provisions in the contract that would render it incapable of being performed within a year. The contract would be completely performed upon a resale of the property.    It seems to have been the judgment of the plaintiff that it would be better to hold it for a couple of years or until more profitable leases could be secured.    But the agreement did not bind the defendant to hold it for that length of time. He could sell whenever he wished.    If by the terms of the contract it was capable of being completely performed within one year, it was not void under the statute of frauds, and this is true even though the parties intended that it should extend over a longer period.    In *Smalley* v. *Mitchell*, 110 Mich. 650, this court said:

" 'The mere fact that a contract may or may not be performed within the year does not bring it within the statute.    The rule is that if, by any possibility, it is capable of being completed within a year, it is not within the statute, though the parties may have intended and thought it probable that it would extend over a longer period, and though it does so extend.' "

See, also, *Herron* v. *Raupp*, 156 Mich. 162; *Caplis* v. *Monroe*, 228 Mich. 586; *Wise* v. *Yunker*, 223 Mich. 203; *Dykema* v. *Story & Clark Piano Co.*, *supra*.    In the instant case the contract was possible of performance within a year and was not within the statute.

2. The proposal of defendant does not in specific terms fix the period of employment, and, unless the fixing of a yearly salary is some evidence of employment for a year, the time is not fixed and the contract in this regard indefinite.    We think upon this branch of the case *Loew* v. *Hayes Manufacturing Co.*, 218 Mich. 595, is controlling.    It was there held (we quote from the syllabus):

"An offer in a contract of employment reading 'We will agree to pay you at the rate of $6,000 the first year, $6,600 the second year, and $7,200 the third year,' may fairly be inferred to contemplate a hiring for

three years, and, when accepted, will be construed to result in a hiring for three years."

The significance of this case goes beyond the holding quoted. This court there recognized that there was a conflict in the holdings, but we quoted with approval from the case of *Maynard* v. *Royal Worcester Corset Co.*, 200 Mass. 1 (85 N. E. 877), in which the Massachusetts court held that the fixing of an annual salary imported an annual employment, and, standing alone, was sufficient to support a finding that there was a hiring for that period. A large number of cases are cited by that court to sustain such holding, which we need not review; they will be found in the quotation in the *Loew Case.* Beyond that our own cases have a tendency to sustain the Massachusetts rule. Among them see *Jackson* v. *Anderson Forge & Machine Co.*, 222 Mich. 221; *Franklin Mining Co.* v. *Harris,* 24 Mich. 115; *Sines* v. *Sup'ts of Poor of Wayne Co.,* 58 Mich 503; *Reynick* v. *Allington & Curtis Manfg. Co.*, 179 Mich. 630; *Chamberlain* v. *Detroit Stove Works,* 103 Mich. 124; *Graves* v. *Lyons Bros. & Co.,* 110 Mich. 670.

It follows that the judgment must be reversed and a new trial granted. Plaintiff will recover costs of this court.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.