COMMERCIAL FACTORS CORPORATION *v.*
ZEPHYR AWNING CORPORATION.

1. FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM.
   A written memorandum will not satisfy the statute of frauds unless it contains all of the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence, it being insufficient if it merely discloses that a contract has been made without showing what that contract is (CL 1948, § 566.132).

2. SAME—SUFFICIENCY OF MEMORANDUM.
   A memorandum which refers to an essential term of the contract as one to be agreed on subsequently does not meet the requirements of the statute of frauds (CL 1948, § 566.132).

3. SAME—SUFFICIENCY OF MEMORANDUM.
   A written contract which leaves some essential term thereof to be shown by parol is only a parol contract and is not enforceable under the statute of frauds (CL 1948, § 566.132).

4. SAME—ORAL CONTRACT—DURATION.
   Oral contract for a period of 3 years whereby defendant was to have the exclusive franchise for the sale of doors and windows and other products manufactured by plaintiff's assignor and whereby defendant agreed not to handle any competing line came within the provision of the statute of

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Statute of Frauds § 321.
[1, 3] 49 Am Jur, Statute of Frauds § 322.
[2] 49 Am Jur, Statute of Frauds §§ 353, 354.
[4, 6] 49 Am Jur, Statute of Frauds § 357.
[5] 47 Am Jur, Setoff and Counterclaim § 9.

frauds requiring that valid contracts "not to be performed in 1 year from the making thereof" be in writing (CL 1948, § 566.132).

5. SAME—ORAL CONTRACT—SUFFICIENCY OF MEMORANDUM.

Letters and other written memoranda which fail to contain the terms and conditions of the oral agreement with such certainty as to obviate the bar of the statute of frauds, in that they fail to show what specific territory was included within which defendant should exercise the so-called franchise, date when the contract became effective or duration, that it was exclusive or that defendant should not take on a competing line or terms of payment, did not evidence a valid contract (CL 1948, § 566.132).

6. SAME—RECOUPMENT.

A contract that is void under the statute of frauds may not constitute the basis of a claim of recoupment (CL 1948, § 566.-132).

7. SAME—RECOUPMENT—DIRECTED VERDICT.

The assignee of manufacturer's accounts receivable, undisputed as to amount by purchaser of the goods, was entitled to directed verdict therefor at the conclusion of the proofs, where recoupment for damages that was interposed was based on an oral contract void under the statute of frauds (CL 1948, § 566.132).

Appeal from Muskegon; Smith (Raymond L.), J., presiding. Submitted April 17, 1958. (Docket No. 9, Calendar No. 47,440.) Decided July 15, 1958.

Action by Commercial Factors Corporation, a New York corporation, against Zephyr Awning Corporation, a Michigan corporation, for goods sold and delivered. Claim of recoupment by defendant upon failure to fulfill oral dealership contract. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Smedley & Spaniola,* for plaintiff.

*Hathaway, Latimer, Clink & Robb (Charles F. Latimer,* of counsel), for defendant.

CARR, J.  It does not appear that there is any substantial dispute as to the material facts involved in this case.  During the summer of 1954, and for some time prior thereto, the defendant Zephyr Awning Corporation was engaged in business at Muskegon, Michigan, as a manufacturer and distributor of aluminum doors, windows, and awnings.  Its selling activities were conducted in western Michigan, the northern part of Indiana, and in northwestern Ohio. At the time in question the Ace Industries Company, an Ohio corporation, was engaged in manufacturing windows and doors at Youngstown, Ohio.

Desiring to obtain a further source of supply for materials that it was handling, defendant, through its president and general manager, wrote to Ace Industries for the purpose of instituting negotiations leading to a possible business arrangement.  A telephone conversation followed, and defendant's president was invited to visit the office and factory of Ace Industries, which invitation was accepted.  The result was an oral agreement whereby, for a period of 3 years, defendant was to have an exclusive franchise for the selling of Ace Industries' doors and windows, and possibly other manufactured products. The agreement was exclusive as to such sales, and defendant agreed not to handle any competing line. The territory covered by the so-called franchise was western Michigan, a part of Indiana, and the Williams county area in Ohio.

In accordance with the oral contract defendant placed certain orders for doors and windows with Ace Industries and the first of such orders were filled.  Thereafter, however, some difficulties were encountered in obtaining prompt deliveries and in January, 1955, Ace Industries ceased to fill any orders from defendant and went into bankruptcy.  It appears that the last shipment made was received by defendant on January 3d of said year.

Prior to the negotiations between defendant and Ace Industries which later culminated in the oral contract, the latter corporation, in December, 1953, entered into an agreement with the plaintiff in the instant case, a New York corporation, for the sale and purchase of accounts receivable. In accordance with this arrangement plaintiff became the owner of obligations on the part of defendant to Ace Industries resulting from the sale and delivery of merchandise pursuant to the oral agreement. Negotiations for payment having failed, plaintiff brought action in the circuit court of Muskegon county to recover on the accounts receivable, representing in the aggregate indebtedness for merchandise ordered by defendant and received by it, for which payment had not been made. There is no dispute in the case as to the total amount of said accounts.

Plaintiff's declaration in the case did not refer to any contractual arrangement between defendant and Ace Industries for the purchase and sale of doors and windows, it apparently being plaintiff's theory that each shipment made and received pursuant to order therefor constituted an independent transaction. Defendant by answer denied indebtedness to plaintiff and interposed a counterclaim, by way of recoupment, for damages claimed to have been sustained because of the failure on the part of plaintiff's assignor to perform the contract with defendant. Defendant further alleged in its pleading that as a result of such failure it had sustained losses in the conduct of its business, and that the breach of contract on the part of Ace Industries prevented it from filling orders received by it and from obtaining new business, all to its serious detriment. It was also claimed that defendant was left with a stock of merchandise on hand that could not be disposed of without serious loss because of the failure of Ace

Industries to supply doors and windows ordered which were essential to a balanced inventory.

Plaintiff filed its reply to defendant's answer and claim of recoupment, raising certain objections to defendant's right to plead a counterclaim, and also pleading by way of affirmative defense that the alleged contract on which defendant relied was void under the statute of frauds. On the trial of the case before a jury it was conceded by counsel for defendant that the merchandise represented by the invoices on which plaintiff relied had been received, and that payment therefor had not been made. As of the time of the trial it was stipulated in open court that the amount of the obligation of the defendant was $10,344.99. Under the plea of recoupment as amended defendant claimed damages in the sum of $12,000, but did not ask for an affirmative judgment for any excess of such damages over the aggregate of the amount of the obligations represented by the invoices covering shipments from Ace Industries to it.

At the conclusion of its proofs plaintiff moved for a directed verdict in its favor, which motion was denied. Following the closing of proofs the motion was renewed on various grounds, including the claim that the contract on which defendant's alleged right to recoup damages was based was void under the statute of frauds. This motion was also denied, and the cause was submitted to the jury by which a verdict was returned in favor of defendant. Judgment was entered on said verdict, and plaintiff has appealed.

As before noted, defendant's counterclaim rests on the theory of a valid contract between it and Ace Industries, the breach of said contract by the latter corporation, and resulting damage to defendant. The proofs in the case fully substantiate the finding of the jury, under the instructions of the trial judge,

that the oral agreement was made as claimed. As averred in the plea of recoupment, it was for a 3-year period. Plaintiff insists that such contract was void under the statute of frauds, reliance being placed in this regard on CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922), which, insofar as material in the instant case, reads as follows:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:

"1. Every agreement that, by its terms, is not to be performed in 1 year from the making thereof."

Since the oral agreement was for a 3-year period it is obviously within the terms of the statutory provision quoted unless the proofs disclose a written note or memorandum, signed by the party to be charged or by a duly authorized representative thereof. On behalf of defendant it is asserted that correspondence between the Ace Industries and defendant may properly be regarded as a memorandum of the contract. Assuming that the letters referred to may be considered together for the purpose of determining the matter of sufficiency to comply with the statute, the question is presented whether the essential provisions of the oral agreement are incorporated therein.

In discussing the matter of sufficiency under the statute of frauds of a memorandum of an oral contract, it is said in 49 Am Jur, Statute of Frauds, §§ 353, 354, p 663 et seq.:

"The general rule is that the memorandum, in order to satisfy the statute, must contain the essential terms of the contract, expressed with such cer-

tainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence. A memorandum disclosing merely that a contract has been made, without showing what the contract is, is not sufficient to satisfy the requirement of the statute of frauds that there be a memorandum in writing of the contract. * * *

"It is not sufficient that the note or memorandum express the terms of a contract; it is essential that it completely evidence the contract which the parties made by giving all of the essential terms. The writing must be such that all of the contract can be collected therefrom; resort cannot be had to the terms of the oral contract to supply deficiencies in the memorandum. A memorandum which refers to an essential term of the contract as one to be agreed on subsequently does not meet the requirements of the statute. A contract in writing which leaves some essential term thereof to be shown by parol is only a parol contract, and is, therefore, not enforceable under the statute of frauds."

The general rule is stated in similar terms in 37 CJS, Frauds, Statute of, §§ 181, 182, p 666 *et seq.,* and has been repeatedly recognized by this Court. In *Palmer* v. *Marquette & Pacific Rolling Mill Company,* 32 Mich 274, plaintiff brought an action for damages for breach of an alleged contract of employment which by its terms was not to be performed within 1 year from the date that the agreement was made. In discussing the situation Justice COOLEY, who wrote for the Court, said:

"As he had counted upon a contract not to be performed within a year from the time it was made, it was incumbent on the plaintiff to show that the contract, or a memorandum thereof, was reduced to writing and signed by or on behalf of the defendants. And a memorandum, when the contract is not written out, must embrace all its substantial terms (except

the consideration.—CL § 4702),* and cannot be aided by parol evidence when essentially defective.—*Hall* v. *Soule,* 11 Mich 494; *Abell* v. *Munson,* 18 Mich 306 (100 Am Dec 165). It is impossible to say that the telegram contains all the essential terms of a contract. It fixes no time for the continuance of the employment, and it does not name the employment itself. The plaintiff insists that the use of the word 'salary,' in a sense evidently implying a year's compensation, indicates that it was to continue a year at least, but if the bargain was thought by defendants to be favorable to their interest, it must be as much open to them to show that a term of years was agreed upon, as for the plaintiff to insist upon a single year. The one is just as consistent with what appears in the writing as the other.

"Then as to the employment: the plaintiff says the telegram engaged him in service as dock superintendent. But it is just as consistent with the dispatch, that Mr. Burt had in mind the position of private watchman, or master of one of the company's vessels, if they have any. It is manifest that on some such matters, which are of the very essence of the contract, the telegram settles nothing."

In *Gault* v. *Stormont,* 51 Mich 636, the Court considered the sufficiency of a memorandum of a sale of real estate in the form of a receipt for a part of the purchase price of the property, the total consideration being mentioned therein. It was held that such memorandum was insufficient under the statute because of failure to express the time of payment of the balance. The Court, speaking through Justice Cooley and citing prior decisions, declared that (p 638):

"A memorandum, to be sufficient under the statute, must be complete in itself, and leave nothing to rest in parol."

* CL 1871, § 4702, now CL 1948, § 566.136 (Stat Ann 1953 Rev § 26.925).—Reporter.

Later decisions are in accord with the general rule announced in the early cases cited. In *Benedek* v. *Mechanical Products, Inc.,* 314 Mich 494, plaintiff's declaration was based in part on an oral agreement not to be performed within a year. Reliance was placed on a letter as constituting a sufficient memorandum to satisfy the statute of frauds. Said letter contained a statement to the effect that defendant had acquired from plaintiff exclusive manufacturing rights of a line of industrial and aeronautical high pressure hydraulic pumps. It recognized the existence of a contractual relation between the parties, but did not specify the terms of the contract. Commenting thereon, it was said (pp 503, 504):

"No mention is made in the memorandum of defendant's agreement to sell, to pay royalties, the option to purchase patent rights, the length of term of the alleged agreement, that it covered transmissions and hydraulic pitch propeller hubs and accessories as well as high pressure hydraulic pumps. The memorandum is silent as to all the essential terms of the alleged contract claimed by plaintiff in count 1, on which plaintiff relies for recovery under that count."

In support of the conclusion reached the Court cited and discussed a number of prior decisions, further emphasizing the position of this Court with reference to the contents of a memorandum essential to the validity of an oral contract otherwise void under the statute of frauds. In the case at bar defendant's counterclaim rests wholly on an alleged right to recover damages for breach of the oral contract. No claim is asserted with reference to a recovery based on the *quantum meruit* theory, rather than on an express contract, as in *Ordon* v. *Johnson,* 346 Mich 38.

An examination of the correspondence between the parties leads to the conclusion that taken in the aggregate there is no memorandum of the oral contract containing the terms and conditions of the agreement with such certainty as to obviate the bar of the statute of frauds. Without discussing in detail the letters sent by Ace Industries to defendant, it must be said that they do no more than to indicate the existence of a contractual relation between the parties with reference to the sale and distribution of the manufactured products of Ace Industries. They contain expressions with reference to cooperation between the parties, the putting on of an energetic campaign in the fall of 1954, and the hope that the business association between the parties would result to the advantage of each. In one such letter we find an assurance to defendant that whatever it ordered would be furnished to it. The claim of counsel for plaintiff that the correspondence is made up very largely of "sales talk" is substantially accurate. Letters addressed by defendant to Ace Industries were preliminary to the making of the oral arrangement.

We do not find in the correspondence any material aid in determining what the oral agreement was. There is no mention of the specific territory within which defendant should exercise the so-called franchise, no statement as to the date when the contract would become effective, no declaration that the franchise granted to defendant should be exclusive or that defendant should not take on any competing line, no specification as to the length of time for which the agreement should continue, and nothing with reference to the terms of payments to be made for merchandise ordered and delivered. Further discussion of the contents and omissions of the correspondence between the parties is not required.

The letters to which counsel for defendant refer in their brief are not sufficient to constitute a memorandum of the oral contract under the provision of the statute of frauds above quoted. The conclusion cannot be avoided that the statute applies and renders void the oral contract for the breach of which defendant seeks to recoup damages. The conclusion follows that the claim of recoupment was not well-founded, and that plaintiff was entitled to a directed verdict in accordance with its motion therefor at the conclusion of the proofs. The consideration of other questions argued by counsel in their briefs is unnecessary.

The judgment of the trial court entered on the verdict of the jury is reversed, and the cause remanded for entry of judgment in accordance herewith, with costs to appellant.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.