Warren C. THOMA, Plaintiff,

v.

WOLVERINE WORLD WIDE, INC., Defendant.

Civ. A. No. 71-345.

United States District Court,
W. D. Pennsylvania.

Dec. 15, 1972.

---

Michigan. There appears to be no dispute that the contract of employment was to be performed by the plaintiff working out of defendant's home office in Rockford, Michigan, and that as a condition of employment defendant required plaintiff to reside at or near this place of employment, and that plaintiff as a fact did reside in the State of Michigan during his period of employment. Under these circumstances we hold that Michigan is the state of most significant contact and under the controlling law of this forum, the law of Michigan must be applied in interpreting the contract. Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 [1964]; Neville Chemical Company v. Union Carbide Corp., 422 F.2d 1205 [3rd Cir.1970].

Plaintiff was an employee of the defendant in Pennsylvania when he was offered a new position at higher pay and responsibility at the defendant's corporate headquarters in Michigan. In his original complaint plaintiff alleged that on the 5th day of December 1966, plaintiff and defendant, through defendant's authorized agent, entered into an oral contract whereby the defendant agreed to promote the plaintiff to the capacity of "Regional Sales Manager of the Eastern Region" at an annual salary of $25,000 per year, plus a bonus of at least ten percent, but not exceeding fifty percent of said salary, if the company operations are such that a "Team Bonus" is paid, the exact amount to be determined by his immediate supervisor and the President. The original complaint further avers that on January 3, 1967, this contract was confirmed in writing by a letter from defendant's officer. The original complaint alleged that plaintiff started work under the new contract on January 1, 1967 and was discharged on September 17, 1967. He demanded damages for the amount of stated salary from September 17, 1967 until April 8, 1968 when he found other employment and for the year-end bonus, and for the loss suffered on the sale of his house in Michigan when he left Michigan after the discharge.

Thomas J. Godlewski, Greensburg, Pa., David Ross Gray, Latrobe, Pa., for plaintiff.

Stephen A. George, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

 This is a diversity suit over an employment contract to be performed in

On defendant's motion for judgment on the pleadings the motion was granted on December 10, 1971 on the grounds that under Michigan law the contract stated to be at an annual rate of compensation is a contract for an indefinite period, terminable at the will of either party. 17A C.J.S. Contracts § 398; Harbor Land Co. v. Grosse Ile Twp., 22 Mich.App. 192, 177 N.W.2d 176 [1970].

Plaintiff filed an amended complaint which alleged an oral contract of employment entered into between plaintiff and defendant's officer on December 5, 1966, between plaintiff and defendant's authorized agent at an annual salary of $25,000 per year, plus the bonus under the same terms. The amended complaint alleged that "the term or duration of that contract was for a period of one year". The amended complaint alleges that the terms of the oral contract were confirmed in writing by the letter of January 3, 1967. Plaintiff avers that he sold his home in Pennsylvania, moved to Michigan, and bought a home there and began his services under the new contract on January 1, 1967 and served until the time of his discharge on September 17, 1967. The plaintiff's amended complaint claims damages for the salary for the remainder of the year 1967, plus the bonus, plus the loss of the sale of his residence in Michigan.

The defendant then engaged in discovery and took the plaintiff's deposition and now moves for summary judgment supported by the deposition material and an affidavit. The grounds of the motion for summary judgment are:

(1) Under Michigan law a contract which cannot be fully performed within one year must be in writing to be enforceable.

(2) The evidence produced by plaintiff's own testimony taken on deposition does not establish a contract of employment for any definite term, but rather employment at will.

In the alternative, defendant moves for partial summary judgment on the damages claimed with respect to:

(1) The claim for the year-end bonus, and

(2) The claim for damages for loss suffered on the sale of plaintiff's house.

■ With respect to the claim for bonus the defendant has produced an affidavit of the Treasurer of defendant corporation, made upon personal knowledge, and showing affirmatively that the defendant is competent to testify to the matters stated therein which show that no year-end bonus was in fact paid to any of the employees at the end of the year 1967. Plaintiff can produce no evidence to counter this statement of fact and therefore under the provisions of Fed.R.Civ.P. 56(d) the court finds that this fact is established without substantial controversy and partial summary judgment in favor of defendant is granted as to the claim for damages on the bonus issue.

■ With respect to defendant's motion for partial summary judgment on the claim for damages for loss suffered on the sale of plaintiff's house we can find no authority for allowing such an item of damages to be claimed as a matter of law. While plaintiff claims that his new position required him to move to Michigan he produces no evidence to show that he was required to buy a particular house or any house in Michigan or to pay any particular price, or to sell at any particular time or price. The evidence produced on plaintiff's own deposition shows that he bought the type of property suited to his own particular desires and needs and that alterations were made to the house which may have affected its value on resale and that plaintiff chose to sell the house and move to another location after his discharge by the defendant. Under the circumstances the purchase of the house in Michigan was only an incident to enable the plaintiff to accept the employment. Lynas v. Maxwell Farms, 279 Mich. 684, 273 N.W. 315 [1937]; Adolph v. Cookware Co. of Amer., 283 Mich. 561, 278 N.W. 687 [1938]. Under the evidence produced we cannot find sufficient to

enable plaintiff to sustain his claim as a matter of law and partial summary judgment for defendant on this claim is accordingly granted.

■ We believe that the Michigan statute of frauds [Mich.C.L.1948, § 566.-132 (Stat.Ann.1953 Rev. § 26.922)] which requires that a contract must be in writing to be enforceable, including:

"1. Every agreement that, by its terms, is not to be performed in 1 year from the making thereof,"

bars this action.

Plaintiff's complaint and his testimony on deposition establishes that the oral contract was made on December 5th or 6th, 1966, that he was to begin performance on January 1, 1967, and that the contract was to endure until December 31, 1967. The confirming letter which plaintiff has produced also recites that "starting January 1, 1967. . .". Thus, between the making of the contract on December 6th, 1966 and the completion alleged by the plaintiff on December 31, 1967 more than one year will expire. Under such circumstances the Michigan courts have held that a similar contract is governed by the statute of frauds. Carroll v. Palmer Mfg. Co., 181 Mich. 280, 148 N.W. 390 [1914]:

"Was the contract within the statute of frauds? The contract having been made in December, 1910, to begin on January 1, 1911, and end on January 1, 1912, it was, without doubt, a contract not to be performed within a year." [148 N.W. at p. 390.]

■ Plaintiff argues that the confirming letter of January 3rd, 1967, is such a writing as will take the contract out of the bar of the statute of frauds. We have considered this writing previously on defendant's motion for judgment on the pleadings and have determined that plaintiff's original complaint, to which the writing was attached as an exhibit, was insufficient to establish a contract for a definite period of time, but rather established a contract of employment at will.

In Commercial Factors Corp. v. Zephyr Awning Corp., 353 Mich. 251, 91 N. W.2d 511 [1958], the Michigan Supreme Court considered a series of writings to determine if considered together they were sufficient to comply with the statute of frauds. The court stated: ". . The question is presented whether the essential provisions of the oral agreement are incorporated therein." The Michigan court then cites the rule as stated in 49 Am.Jur. p. 663:

"The general rule is that the memorandum, in order to satisfy the statute, must contain the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence. A memorandum disclosing merely that a contract has been made, without showing what the contract is, is not sufficient to satisfy the requirement of the statute of frauds that there be a memorandum in writing of the contract.

\* \* \* \* \* \*

A contract in writing which leaves some essential term thereof to be shown by parol is only a parol contract, and is, therefore, not enforceable under the statute of frauds."

The Michigan court further cites 37 C. J.S. Frauds, Statute of § 181 as stating the general rule which has been repeatedly recognized in Michigan. It further cites Palmer v. Marquette & Pac. Rolling Mill Co., 32 Mich. 274 [1875], where Justice Cooley rejected a similar memorandum in the form of a telegram because it fixed no time for the continuance of the employment. Justice Cooley rejected the argument that the use of the word "salary" in a sense evidently implying a year's compensation indicated that it was to continue a year at least. The plaintiff has cited Southwell v. Parker Plow Co., 234 Mich. 292, 207 N.W. 872 [1926] as supporting its position where a plaintiff relied on a memorandum which recited the annual salary but no term of employment. The Michi-

gan court determined that the contract was possible of performance within a year because under its terms the plaintiff could have begun work on the very day of the contract and thus the contract was possible of performance within one year and was not within the statute of frauds. After this had been decided parol evidence was admitted and it was for the jury to determine what the terms of the contract were. In such case the Michigan Supreme Court determined that a directed verdict for the defendant was improper.

Plaintiff relies heavily on Loew v. Hayes Mfg. Co., 218 Mich. 595, 188 N. W. 360 [1922]. In that case a writing was involved and no mention is made of the application of the parol evidence rule. The writing confirmed an oral conversation and stated that the defendant agreed to employ plaintiff at the rate of $6,000 for the first year, $6,600 for the second year and $7,200 for the third year. The case was submitted to the jury which returned a verdict for the plaintiff which the Supreme Court of Michigan affirmed stating that it evidenced a contract for three years.

In the present contract the memorandum which is relied upon to support a contract for the term of one year negates the contention that such employment was for a year because the final paragraph of the confirming letter of January 3rd, 1967 recites: "Any bonus payment is contingent upon your being employed by Wolverine World Wide, Inc. in this job, on December 31, 1967."

We believe therefore that the oral contract alleged by the plaintiff in his complaint and testified to by plaintiff in his deposition was a contract which by its terms is not to be performed within one year from the making thereof and thus is barred by the Michigan statute of frauds. We further hold that the confirming letter of January 3rd, 1967 is not a sufficient written memorandum to remove the oral contract from the bar of the statute of frauds. As was stated in Carroll v. Palmer Mfg. Co., supra:

"Looking only at the correspondence, one is left in serious doubt as to how long the service is to continue, . . . These are important elements in the contract, and they must not rest in parol." (148 N.W. at p. 391)

We must note, however, that we have also reviewed the parol evidence which plaintiff would offer as shown by his own deposition testimony. Even if there were no bar of the statute of frauds and the plaintiff were allowed to present his own version of this agreement as set forth in his deposition plaintiff fails to set forth any terms of the alleged contract which established the duration of the employment except the inferences to be drawn from the statement of the annual rate of salary and the promise of a year-end bonus, if declared. As we have stated previously the Michigan courts reject the inference of a definite term of employment from the mere statement of an annual salary. In fact the Michigan courts find such a statement equivocal in that the employer, if he found the employment advantageous to him, could just as well argue that the employment was for a term of years. "The one is just as consistent with what appears in the writing as the other." Palmer v. Marquette & Pac. Rolling Mill Co., supra, 32 Mich. at p. 276. Plaintiff at no point in his testimony attempts to put words, expressing a clear intention of guaranteeing him employment for one year, in the mouth of any of defendant's authorized representatives. It is noted that under extensive and repeated examination by the defendant's attorneys the plaintiff scrupulously refrains from making such an assertion. Plaintiff relies rather on the inference he wishes to draw at this time from the language used. We find the parol evidence which would be presented by the plaintiff at trial to be insufficient to support any other conclusion than employment at will.

We have personally examined the reports of the Michigan authorities cited to us by the plaintiff and cannot find support therein for plaintiff's position

that the mere mention of an annual rate of pay establishes any evidence of the duration of the employment.

Nevertheless, we conclude that the contract is unenforceable under the Michigan statute of frauds and that the written memorandum is insufficient to establish the essential element of duration of employment to take the claim out of the statute of frauds.