CITY OF KALAMAZOO v. PERRIN.

1. MUNICIPAL CORPORATIONS—KALAMAZOO CHARTER—PAVING—TAXATION—SPECIAL ASSESSMENT DISTRICT.

Where the charter of the city of Kalamazoo required that "When any special assessment is to be made *pro rata* upon the lots and premises in any special district according to frontage or benefits, the city council shall by resolution direct the same to be made by the city assessor and shall state therein the amount to be assessed and whether according to frontage or benefits, and describe or designate the lots and premises or locality constituting the district to be assessed," a resolution "That the city assessor is hereby authorized and directed to make a special assessment roll containing a description of the property adjacent to the streets so improved as contained in said resolution and between the points hereinafter mentioned, and to be benefited by the improvement so made, and to assess against said property the amount of benefit according to benefits as follows: (describing, among others, premises involved). The foregoing special assessment being a portion of the cost of paving on said streets to be paid by the abutting property benefited thereby," was a sufficient compliance therewith to sustain the assessment.[1]

2. APPEAL AND ERROR—REPAVEMENT—CONCESSION.

Where the trial judge in his opinion stated that "it was not only conceded but claimed by counsel for both parties that the improvement in question was reconstruction and repavement and not repair," and counsel does not deny that said concession was made, the question as to whether said work was repavement or only repair is not open to review in this court.

3. MUNICIPAL CORPORATIONS—REPAIRS—REPAVEMENT—ASSESSMENT DISTRICT—ESTOPPEL—KALAMAZOO CHARTER.

The payment of the cost of repaving a street in the city of Kalamazoo in 1903 by an assessment against the property of the city at large did not estop the city from assessing the cost of a repavement in 1913 to the abutting

[1] On delegation by city council of power with respect to pavement assessment, see note in 20 L. R. A. 656.

owners, under the provisions of its charter (Act No. 648, chap. 16, § 20, Local Acts 1907).

4. SAME—STREET RAILWAYS — PAVING BETWEEN RAILS — DELAY — DEFENSES.

In an action for the amount of a tax assessed against land owned by defendant for repaving a city street, where a street railway company was bound by its franchise to pave between its rails when required so to do by the city council, action by the council allowing it to delay its paving to a later time was not injurious to defendant and did not constitute a defense to said action.

5. APPEAL AND ERROR—PLEADING—PRACTICE—DEFENSES—REVIEW.

A question of defense not mentioned in the plea and notice filed by defendant is not open to review in this court.

Error to Kalamazoo; Weimer, J. Submitted October 17, 1916. (Docket No. 177.) Decided December 22, 1916. Rehearing denied April 19, 1917.

Assumpsit by the city of Kalamazoo against George W. Perrin for the amount of a paving tax, before the court without a jury. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alfred J. Mills*, for appellant.

*Marvin J. Schaberg*, for appellee.

BROOKE, J. The plaintiff city sues to recover the sum of $126.56; said sum having been assessed against land owned by the defendant abutting West Main street in said city for repaving and resurfacing said street. .

With his plea of the general issue, defendant filed a notice of special defenses. Defendant contends, in effect, that the city was without authority to assess abutting property owners for reconstruction and repaving of the street, and, if it had such authority, it was not properly exercised. The trial judge in his opinion made the following statement:

"Upon the oral argument it was not only conceded but claimed by counsel for both parties, in open court, that the improvement in question was, under the settled law, and for the purposes of this case should be considered, a reconstruction and repavement of the street, and not regarded as repairs to an existing pavement."

The history of the street in question as to its pavement is, briefly, as follows: It was paved in 1892 and one-third of the expense was assessed to abutting owners. In 1902-03, the original pavement having become worn out, it was repaved by the Central Bitulithic Paving Company, and the entire expense was spread upon the general tax rolls. Under this contract, the paving company guaranteed to keep the pavement in repair for five years after its acceptance. In June, 1908, the city passed a resolution requiring the paving company to put the street in condition under its contract, and in December, 1908, a final settlement was made with the paving company, and the balance which had been retained by the city to insure the performance of its guaranty was paid over to the paving company. It is asserted by the defendant that the street was not put in repair by the paving company in accordance with said resolution, and it is asserted by the attorney for the city that repairs were made in accordance with said resolution, and that the settlement made with the company seven months later was made only after the paving company had fulfilled its contract as to the guaranty. The record fails to disclose what was done under the resolution of June, 1908, with reference to repairs. It does show, however, that on December 28, 1908, a resolution was passed by the common council directing the payment of $1,980.30 to the paving company.

The case was heard by the court without a jury, and a verdict was directed in favor of the plaintiff for the amount claimed.

It is first contended on behalf of the appellant that the provisions of the city charter, which are mandatory, were not followed literally nor in substance by the city council, and that therefore the assessment relied upon is unlawful and inoperative. Section 7, chap. 23, of the charter, being Act No. 475, Local Acts 1897, is as follows:

"When any special assessment is to be made *pro rata* upon the lots and premises in any special district according to frontage or benefits, the city council shall by resolution direct the same to be made by the city assessor and shall state therein the amount to be assessed and whether according to frontage or benefits and describe or designate the lots and premises or locality constituting the district to be assessed."

The final resolution passed by the common council with reference to this improvement on May 12, 1913, is as follows:

"Resolved: That the city assessor is hereby authorized and directed to make a special assessment roll containing a description of the property adjacent to the streets so improved as contained in said resolution and between the points hereinafter mentioned, and to be benefited by the improvement so made, and to assess against said property the amount of benefit according to benefits as follows: (Among other streets is Main street from Church street to Michigan Central Railroad, $4,550.00). The foregoing special assessment being a portion of the cost of paving on said streets to be paid by the abutting property benefited thereby."

We are of opinion that the resolution is a sufficient compliance with the charter requirements of section 7, above quoted.

It is next contended on behalf of the appellant that the work provided for amounted to a mere repair, and was not in the nature of a repavement or reconstruction, and therefore that no special assessment can properly be levied to defray the costs thereof. It would

seem from that portion of the trial court's opinion
above quoted, that this question is removed from the
case.    The argument of counsel at the hearing below
was not reported, so that the record fails to disclose
whether the concession as to the character of the im-
provement was made by counsel for the defendant,
except that it is so asserted in the opinion of the trial
court.    Counsel for defendant in his brief quotes
that portion of the opinion of the trial court with
reference to his concession, and, while not denying
that it was made as stated by the trial judge, pro-
ceeds to argue that the improvement was, according
to the resolution of the council, a repair only and
not a repavement or reconstruction of the street.    We
must conclude that the concession was made by de-
fendant's counsel as set out by the learned trial judge,
and that being so, the point is not open to review in
this court.

The third point made on behalf of appellant is that
because, when the street was paved in 1902-03, the
entire cost thereof was assessed against the property
of the city at large, the city thereby elected:

"To make all needed repairs in the pavement itself
and to relieve the abutting property owners from as-
sessment upon the theory of benefits to be derived
therefrom."

Counsel for defendant does not assert that the city,
by its election to charge the entire cost in 1903 to the
city at large, thereby estopped itself forever from as-
sessing the cost of repavement to the abutting owners;
but that is the logic of the argument under this head.
This seems to us not only unreasonable, but is clearly
contrary to the charter (section 20, chap. 16, as amend-
ed, Act No. 648, Local Acts 1907), which provides:

"The city council shall have power to cause the pub-
lic streets, highways, avenues, and alleys of said city
to be graded, macadamized, paved, repaved, planked,

or graveled and otherwise constructed, improved and repaired and the gutters paved. The cost and expense thereof may be paid by the corporation, or the same, or any part thereof, may, as the council may by resolution determine, be assessed on the property adjacent thereto and benefited thereby."

The last contention of the appellant is based upon the following facts: Upon the street upon which the improvement was made there is located a double-track electric street railway. The contract referred to provided for the pavement of this portion of the street at the expense of the railway company. Counsel says:

"The railway company is however, relieved, practically speaking, from the expense of providing for the repairing of the street. This is prejudicial to the abutting property owners and affects the benefits, if any, resulting from the repairing of the street, to their property."

It appears that the franchise of the traction company requires the company to pave between the rails wherever required so to do by the city council. The space between the rails was not resurfaced, but a verbal understanding was had with the street car company that they would lay heavier rails on the street and repave between their tracks with brick. It is asserted by counsel for plaintiff that the work of reconstruction and pavement between the tracks is soon to be done by the street car company. We are unable to see how the defendant is injured through the action of counsel in failing to compel, instanter, the street car company to repave between its tracks. Aside from this, we find that the plea and notice filed by defendant contains no mention of this particular defense. The question is therefore not open in this court.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.