## DOWNING v. UNDERWOOD.

1. APPEAL AND ERROR—FRAUDS, STATUTE OF—PLEADING—QUESTION
   NOT RAISED BELOW.

   In an action for the breach of an oral contract to re-
   purchase certain cattle, where the plea was the general
   issue, and there was no notice under it of the defense
   of the statute of frauds, and said question was not raised
   in the trial court, it is not properly before the Supreme
   Court on error to review a judgment for plaintiff.

2. SAME—TRIAL—REQUESTED INSTRUCTION.

   Refusal to give defendant's requested instruction is no
   ground for complaint, where there was no evidence to
   warrant it, and especially where the instruction on the
   question as given was more favorable to defendant than
   he was entitled to.

3. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

   The trial court properly denied defendant's motion for a
   new trial on the ground of newly-discovered evidence, upon
   the showing made.
   216—Mich.—26.

4. SAME—EVIDENCE—GREAT WEIGHT OF EVIDENCE.
    Although the testimony was in direct conflict, it cannot
        be said that the verdict for plaintiff was against the
        weight of the evidence, if the jury believed his witnesses.

Error to Lenawee; Hart (Burton L.), J.    Submitted
October 4, 1921.    (Docket No. 3.)    Decided December
21, 1921.

Assumpsit by Irving Downing against John L.
Underwood for breach of a contract for the sale of
certain cattle.    Judgment for plaintiff.    Defendant
brings error.    Affirmed.

*J. N. Sampson* and *Bert D. Chandler,* for appellant.
*Baldwin & Alexander,* for appellee.

SHARPE, J.    On October 3, 1919, plaintiff received
from defendant 12 head of feeding cattle.    The parties
are in direct conflict as to the terms or agreement
under which they were received.    The plaintiff claims
that the agreement was that he was to take them
at $10.40 per hundred, was to feed them 5 months,
when he claims defendant agreed to take them at
$13.50 per hundred.    He is sustained in this claim
by the testimony of his brother who was present when
the arrangement was made.    His counsel point out
other incidents of the transaction which they claim
also support plaintiff's theory.    Defendant insists that
the transaction was an absolute sale.    He says that
at the time he offered to make an agreement to re-
purchase the cattle after 6 months' feeding at $13.50
per hundred, and gave plaintiff a week or two to con-
sider the proposition, but that this offer was not ac-
cepted either within that time nor at any other time.
He is sustained in his claim by the testimony of Mr.
Schwab who was associated with him in his stock
business.    He also points to the fact that plaintiff on

the day the transaction occurred gave him a note for the amount the cattle came to, which note he discounted at the bank.    It was due in 6 months and bore 7 per cent. interest.    Plaintiff replies that the defendant retained title to the cattle by the note and calls attention to the fact that the cashier by consent of the parties put on the note the following:    "This note is to be 6 per cent. in settlement with J. L. Underwood."    This he insists indicates an agreement with defendant which was to be settled in the future, while defendant says it indicates an agreement to pay the extra 1 per cent., which agreement he says he made.    Upon these conflicting claims the jury found with the plaintiff.    The other facts are not disputed. They are, briefly stated, as follows:    About the 1st of March plaintiff saw defendant and offered to deliver the cattle.    Defendant then denied he had agreed to take them back or that there was any agreement with reference to the cattle beyond the sale.    Plaintiff said he would deliver them to defendant's place, and defendant forbade him, saying he would not accept them.    On March 9th, plaintiff sold them at $11 per hundred, the market price.    He recovered the difference between this price and $13.50 per hundred.

Considerable attention is paid by defendant's counsel to the question of the statute of frauds.    But we are unable to perceive that that question is before us. The plea was the general issue; there was no notice under it of the defense of the statute of frauds, nor was there any motion for a directed verdict on the ground that the contract claimed by plaintiff to have been made was void under the statute of frauds, nor was there any objection to testimony on the ground of the statute of frauds, nor was the statute of frauds mentioned in any request preferred by defendant. Under these circumstances the question is not before

us.   Circuit Court Rule No. 23, § 2; *Bennett v. Denton,*
194 Mich. 610; *Boston Piano & Music Co.* v. *Pontiac
Clothing Co.,* 199 Mich. 141; *City of Kalamazoo* v. *Per-
rin,* 194 Mich. 484; *Farr* v. *Childs,* 204 Mich. 19;
*O'Toole* v. *Insurance Co.,* 159 Mich. 187, 195 (24 L.
R. A. [N. S.] 802).

It would appear from the record and briefs that no
written requests were filed but that defendant's coun-
sel orally asked the court to charge the jury—

"That if it found that the arrangement was that
plaintiff was to feed the cattle for six months instead
of five months, then plaintiff could not recover, be-
cause he had not performed his part of the contract."

The court did instruct the jury on this subject as
follows:

"You are instructed, gentlemen of the jury, that if
you find the arrangement was that plaintiff was to
feed them for six months instead of five months, and
the plaintiff failed to carry out that arrangement, he
could not recover unless you find he was prevented
from so doing by action of the defendant.   If he was
prevented from so doing by the action of the defend-
ant, then I think that would release him, that there
would be a part performance enough to take it out of
the statute."

This is made the basis of two assignments of error.
It will be noted that the substance of the request was
given with modifications.   The court would have been
justified in refusing the request in its entirety, and
the charge as given was more favorable to defendant
than he was entitled to.   There is no testimony in
the case that would have justified the jury in finding
that the cattle were to be fed "6 months instead of
5 months."   Plaintiff and his brother unequivocally
swore that the time was 5 months.   Defendant un-
equivocally swore that no contract for feeding was
entered into, and Mr. Schwab supported him in his
contention.   There was no room to speculate that it

was a 6 months' contract.   One or the other of the parties was, to say the least, mistaken.   But neither claimed that the contract was a 6 months' contract and under such circumstances neither party was entitled to have that question submitted to the jury.

Defendant made a motion for a new trial based on the ground of newly-discovered evidence, and the further ground that the verdict was against the weight of the evidence.   We agree with the trial court that upon the showing made a new trial should not be granted on the ground of newly-discovered evidence. We likewise agree with him that one should not be granted because the verdict is against the weight of the evidence.   From what has been said it will be noted that the parties were in direct conflict in their testimony, and that each had the support of other witnesses and surrounding circumstances.   The jury who heard all the testimony and saw all the witnesses believed the plaintiff.   The trial judge who was in like position was of the opinion that the verdict was not against the weight of the evidence.   Upon the record we find nothing that would justify us in differing from either.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, and CLARK, JJ., concurred.   BIRD, J., did not sit.