## TRISCH v. FAIRMAN.

1. APPEAL AND ERROR—ORAL AGREEMENT TO LEAVE FARM—EVIDENCE —FINDING OF COURT.

   Trial court's finding that plaintiffs had established by a preponderance of the evidence an oral agreement by one defendant to leave them her farm in return for their agreement to live on the premises, put cattle on it, take care of her and give her 1/3 of the crops during her lifetime is not disturbed under record presented on appeal in suit for money decree and imposition of lien on farm which contracting defendant conveyed to other defendants who ousted plaintiffs after they had occupied the farm 10 years.

2. FRAUDS, STATUTE OF—PLEADING.

   The defense that oral agreement sued on was unenforceable because it was subject to the statute of frauds must be affirmatively pleaded (CL 1948, § 566.106; Court Rule No 23, § 3 [1945]).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATUTE OF FRAUDS —PLEADING.

   The defense of the statute of frauds may not be urged on appeal, where such defense was not affirmatively pleaded, notwithstanding fact that defendants' objections to parol evidence of an oral agreement were overruled and plaintiffs failed to object in the trial court to defendants' failure to plead the statute (CL 1948, § 566.106; Court Rule No 23, § 3 [1945]).

4. FRAUDS, STATUTE OF—PERFORMANCE OF ORAL AGREEMENT.

   Performance by plaintiffs of an oral contract whereby they were to move onto farm and live thereon, put cattle on it,

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 49 Am Jur, Statute of Frauds § 556 *et seq.;* 49 Am Jur, Specific Performance § 175.

Generally as to recovery for improvements, see 27 Am Jur, Improvements § 5 *et seq.*

[2, 3] 49 Am Jur, Statute of Frauds §§ 601–604.

[4] 49 Am Jur, Statute of Frauds § 419 *et seq.*

take care of defendant owner and give her 1/3 of the crops during her lifetime in return for her agreement to leave the property to them takes the case out of the statute of frauds and permits plaintiffs to sue for a money decree and impose lien upon such farm to secure payment thereof (CL 1948, §§ 566.106, 566.110).

5. IMPROVEMENTS—MEASURE OF RECOVERY.

Party who is in possession of land under a contract providing for his ultimate acquisition of title from the owner and proceeds, in reliance thereon, to make reasonable improvements suitable to the premises in question and at a definite cost to himself should be permitted to recover the expense of the improvement unless shown to be unreasonable or utterly unadapted to the premises, where the owner breaches the contract, not the difference between the value of the land before and after the improvement was made and due to its having been made.

6. EQUITY—MONEY DECREE—LIENS—OFFSET—EVIDENCE—DAMAGES.

No allowance of any specific amount for alleged deterioration of farm during 10 years of occupancy by plaintiffs as an offset against them in their suit for money decree for improvements and imposition of a lien is made, where there is no actual proof of the amount of such damage and trial court allowed plaintiffs only $800 on item of $3,150 for bulldozing some of the land.

Appeal from Wayne; DesJardins (George W.), J., presiding. Submitted June 5, 1952. (Docket No. 35, Calendar No. 45,416.) Decided September 3, 1952.

Bill by Leland Trisch and wife against Libby Fairman and others for money decree secured by lien on farm. Decree for plaintiffs. Defendants appeal. Affirmed.

*Roland O. Kern,* for plaintiffs.

*Timothy C. Quinn,* for defendants.

DETHMERS, J. This is a suit in chancery for money decree and, to secure payment thereof, for a lien on a farm which plaintiffs allege defendant Fairman orally agreed to leave them at her death on condition that they live on the premises, put cattle on it, take care of her, and give her 1/3 of the crops during her lifetime. Claiming performance on their part, plaintiffs brought this action after defendant Fairman conveyed the premises to the defendants Robinson and the latter had ousted plaintiffs. From decree for plaintiffs the defendants appeal.

Defendants contend that the oral agreement was not established by a preponderance of the evidence. Plaintiffs testified to the existence of the agreement and defendant Fairman testified to the contrary. Defendants pointed to claimed facts which they urge are consistent with a landlord and tenant relationship rather than with a contractual relationship of the character claimed by plaintiffs. Such alleged facts are that plaintiffs permitted the premises to deteriorate; that they testified that defendant Fairman had agreed to furnish materials for repairs, clover seed, and money for payment of taxes; that the farm was operated on shares; that plaintiffs failed to care for defendant Fairman adequately; that plaintiff wife, on the witness stand, referred to the arrangement with defendant Fairman as renting. On the other hand, plaintiffs stress the fact, as did the trial court in its opinion, that their actions during 10 years of occupancy of the farm are inconsistent with mere tenancy for a term and strongly persuasive of the existence of the claimed oral agreement. Plaintiffs' actions, referred to, consist of their making many improvements to the farm, such as laying a cement floor in the basement of the house they occupied, installing a furnace and stoker, pouring cement footings for and building large timbers into a barn, buying and erecting 200 rods of woven

wire fence, planting fruit trees, replacing and installing windows, et cetera, all at a cost to plaintiffs of some $1,161.50 independent of their labor in connection therewith. Furthermore, plaintiffs bulldozed and leveled a number of acres to make them tillable. They testified they spent $3,150 on that account. Under the circumstances, we cannot say that plaintiffs failed, as defendants put it, to establish the oral agreement by a preponderance of the evidence or, to apply the rule in equity cases, that had we been in the position of the trial court we would have found otherwise than that the oral agreement had been entered into as claimed by plaintiffs.

Defendants claim error in admission of parol evidence to establish an oral agreement in violation of the statute of frauds.[1] Defendants' objections to the testimony were overruled on trial. The defense of the statute must be, but was not, affirmatively pleaded.[2] There is no validity in defendants' claim that under our holding in *Burlage* v. *Radio Cab Co.,* 321 Mich 319, they may urge the defense of the statute of frauds on appeal, though not affirmatively pleaded below, on the ground that plaintiffs failed to object below to defendants' failure to plead the statute. Furthermore, performance on plaintiffs' part takes the case out of the statute,[3] and this is true as well in a case such as this as in suits for specific performance. See *Van Camp* v. *Van Camp,* 291 Mich 688. No question has been raised concerning the propriety of bringing this suit in equity.

Defendants urge that the court erred in allowing plaintiffs damages measured by their expenditures for improvements (except as relates to the bulldozing) rather than the increased value of the premises occasioned thereby, citing *Kimmel* v. *Peach,* 240 Mich

---

[1] See CL 1948, § 566.106 (Stat Ann § 26.906).—REPORTER.
[2] See Court Rule No 23, § 3 (1945).—REPORTER.
[3] See CL 1948, § 566.110 (Stat Ann § 26.910).—REPORTER.

697. The rule of that case applies when persons making the improvements are guilty of conduct warranting rescission, by the opposite party, of the contract under which the former are in possession, and perhaps as well in the case of improvements made by an innocent trespasser or one in possession under mistaken claim of title. The application of that rule would be inequitable indeed in cases, as here, in which a party, in possession under a contract providing for his ultimate acquisition of title from the owner, proceeds, in reliance thereon, to make reasonable improvements, suitable to the premises in question, at a definite cost to himself, only to find himself thereafter the innocent victim of the owner's breach of the contract and refusal to convey as agreed. In such cases the expense of the improvement should be recovered unless shown to be unreasonable or utterly unadapted to the premises.

Finally, defendants complain that the court should have balanced the equities by offsetting against the improvements an amount for damages resulting from plaintiffs' neglect and misuse of the premises. The court did allow plaintiffs only $800 on the $3,150 bulldozing item which the court considered unreasonable and in excess of any benefits to the extent that "it shocks one's sensibilities." Defendants showed that the premises had deteriorated during 10 years of possession by plaintiffs, but the latter testified that this was in a large part due to defendant Fairman's failure to furnish materials for repairs as agreed. There was no testimony which rose to the dignity of actual proof of the amount of such damages in dollars and cents, merely a guess hazarded by one of the witnesses without any pretense

of itemizing, delineating or particularizing the same. Affirmed, with costs to plaintiffs.

Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.

The late Chief Justice North did not sit.