MISSAUKEE COUNTY BOARD OF COMMISSIONERS v NYLAND

1. COUNTIES—NORMAL LAKE LEVEL—TAXATION—SPECIAL ASSESSMENT
   DISTRICT.

   A county can establish a normal level for a lake and create a
   special assessment district to finance the construction of an
   outlet for the lake even though a former court order estab-
   lished the normal level for the lake and required that the
   expenses of maintaining the lake level were to be borne by the
   county as a whole; no property rights were acquired under the
   former order and it did not prevent a change in the law to
   provide for financing by special assessment (MCLA 281.61 *et
   seq.*).

2. TAXATION—SPECIAL ASSESSMENT DISTRICT—NORMAL LAKE LEVEL.

   A determination of the normal level of a lake is a condition
   precedent to the creation of a special assessment district to pay
   for maintaining the lake level; therefore, a former court deter-
   mination of the normal level of the lake is not res judicata
   because if it were, since a normal lake level may change no
   matter what a Legislature or a court does, payment for any
   future expenses by means of a special assessment district would
   be impossible (MCLA 281.61 *et seq.*).

Appeal from Missaukee, William R. Peterson, J.
Submitted Division 3 November 8, 1972, at Grand
Rapids. (Docket No. 13894.) Decided February 26,
1973. Leave to appeal denied, 390 Mich —.

Complaint by the Missaukee County Board of
Commissioners and the Missaukee County Road
Commission against John R. Nyland and others to
set a time and place for a hearing to affirm a prior
lake-level determination and to confirm the spe-
cial-assessment district boundaries. Summary judg-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur, Special or Local Assessments §§ 267–276.

ment for defendants. Plaintiffs appeal. Reversed and remanded.

*Chester C. Pierce (Miller, Canfield, Paddock & Stone* [by *Charles L. Burleigh, Jr.*], of counsel), for plaintiffs.

*K. E. Thompson* and *James C. Thompson,* for defendants.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

DANHOF, J. In 1942, acting pursuant to a petition filed by the Missaukee County Board of Supervisors, the Circuit Court for the County of Missaukee entered an order under 1939 PA 194 establishing normal height and water level of Lake Missaukee at 1238 feet above sea level. It appears that after 1942 the lake level was allowed to fluctuate. In 1968 the level of the lake rose to a point where the sewer systems of residents on the lake were flooded. In 1970 litigation was commenced to force the county to lower the lake level from 1240 feet to 1238 feet. The county was ordered to do so and did not appeal that judgment. The county constructed an outlet for the lake and brought an action under the Inland Lake Level Act of 1961, MCLA 281.61 *et seq.;* MSA 11.300(1) *et seq.,* to establish the normal ' level of Lake Missaukee at 1238 feet and create a special assessment district to finance the construction of the outlet.

The trial court granted the defendants' motion for summary judgment holding that the defendants acquired property rights under the 1942 order which could not now be disturbed. The trial court was in error. No property rights were acquired

under the 1942 order. At the time the 1942 order was entered the expenses of maintaining the lake level were to be borne by the county as a whole. However, this did not prevent a change in the law to provide for financing by special assessment. See *Kalamazoo v Perrin,* 194 Mich 484 (1916).

The defendants argue that the 1942 determination of the normal level is res judicata and may not be relitigated. Since a determination of the normal level is a condition precedent to the creation of a special-assessment district, the defendants' theory would render the creation of a special assessment district impossible. Absent a specific legislative command we will not adopt so illogical a construction of a statute. No matter what a legislature or a court does the normal lake level may change. The Legislature did not intend to turn a court into a modern-day Canute ordering the tide not to rise. The defendants' theory would render it impossible to pay for any future expenses by means of a special assessment district. The Legislature intended no such result.

Reversed and remanded, no costs, a public question being involved.