R G MOELLER COMPANY v VAN KAMPEN CONSTRUCTION
COMPANY

1. FRAUDS, STATUTE OF—DEFENSES—AFFIRMATIVE DEFENSES—COURT
   RULE.

   The application of the statute of frauds is an affirmative defense,
   and is waived where neither pleaded nor asserted by the
   pretrial statement (GCR 1963, 111.7).

2. FRAUDS, STATUTE OF—UNIFORM COMMERCIAL CODE—MERCHANDISE
   RECEIVED—STATUTES.

   The statute of frauds is not applicable under the Uniform Com-
   mercial Code as to merchandise received and accepted (MCLA
   440.2201[3][c], 440.2606).

3. EVIDENCE—BUSINESS RECORDS—ACCOUNTS STATED—ACCOUNTS RE-
   CEIVABLE—COURSE OF DEALING—BALANCE STRUCK.

   Liability of a defendant to a plaintiff upon an account stated is
   not established merely by proof of a billing and the plaintiff's
   accounts receivable ledger; such exhibits do not establish a
   continued course of dealing or other circumstances suggesting a
   balance struck, as required for an account stated.

4. CONTRACTS—IMPLIED CONTRACTS—PRIMA FACIE CASE—EVIDENCE—
   SUFFICIENCY—JUDGES—FINDINGS OF FACT.

   Proof of an order from a defendant for replacement parts for a
   crane, the deliveries of those parts to defendant and the defend-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statute of Frauds § 595.
   Manner of pleading statute of frauds as defense. 158 ALR 89.
[2] 72 Am Jur 2d, Statute of Frauds §§ 130, 131, 142, 148 *et seq.*
   Construction and effect of UCC Art 2, dealing with sales. 17 ALR3d
   1010.
[3, 6] 1 Am Jur 2d, Accounts and Accounting §§ 28, 43.
   30 Am Jur 2d, Evidence § 943.
   What constitutes books of original entry within rule as to admissi-
   bility of books of account. 17 ALR2d 235.
[4] 29 Am Jur 2d, Evidence § 140.
[5] 63 Am Jur 2d, Products Liability § 98.
   67 Am Jur 2d, Sales §§ 400, 432, 494.

ant's acceptance thereof, and a corresponding billing by the plaintiff, is sufficient to establish an implied obligation of the defendant to pay for the parts, and a trial judge was correct in finding that such proofs were prima facie sufficient to establish an implied contract in fact.

5. PRODUCTS LIABILITY—BREACH OF WARRANTY—ACCEPTED GOODS—
   BURDEN OF PROOF.
   The burden is on the buyer of goods accepted by him to establish any claimed breach of warranty (MCLA 440.2607[4]).

6. EVIDENCE—BUSINESS RECORDS—REPRODUCED COPIES—ADMISSIBILITY.
   Reproduced copies of original business records are admissible into evidence upon motion heard on not less than four days notice, or in the discretion of the court upon certain conditions precedent including certification by the person supervising the reproduction, and pretrial delivery of a copy to the opposing party, or where the original record has been destroyed; where none of these conditions were met the admission, over objection, of photocopies of a plaintiff's invoices to a defendant was error (MCLA 600.2146, 600.2147, 600.2148).

Appeal from Wayne, Charles H. Stark, J. Submitted Division 1 December 4, 1974, at Detroit. (Docket No. 15510.) Decided January 6, 1975.

Complaint by R. G. Moeller Company against Van Kampen Construction Company for damages for breach of contract. Judgment for plaintiff. Defendant appeals. Affirmed and remanded for a reduction of judgment.

*Hyman & Rice* (by *Jefferson F. Riddell*), for plaintiff.

*William M. Bolger,* for defendant.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and PETERSON,* JJ.

PETERSON, J. Plaintiff sued for breach of con-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tract, alleging that defendant had ordered a boom and other accessories for a crane which had been delivered pursuant to the order, but for which defendant had refused to make payment. Though not specific, the answer does admit an order and the delivery of "certain accessories", while denying liability to pay therefor. From a judgment in favor of the plaintiff, defendant appeals.

The parties stipulated that pretrial statements prepared by them individually could be filed in lieu of a formal pretrial summary by the court under GCR 1963, 301.3. Defendant's pretrial statement defined the controversy thus: that defendant had purchased a crane from plaintiff; that in the operation thereof, it was damaged because of defects that existed therein in breach of warranty; that repairs were made by plaintiff, but that defendant had never promised to pay for such repairs and had no obligation to do so since the repairs were in fulfillment of plaintiff's warranty.

At trial, plaintiff offered but one witness, John Buchan, corporate vice president, who testified to the original sale of the crane in September of 1968; to the order form, with warranty,[1] used in the transaction; to his awareness that there had been damages of some kind to the crane in December of 1968; that someone on behalf of defendant had called someone connected with plaintiff to order replacement parts; that a service man or other agent of plaintiff had been sent to deal with the matter; that the replacement parts were shipped directly from the manufacturer, the Bucyrus Company, to defendant; that plaintiff's billing followed receipt of invoices from Bucyrus, which invoices, in turn, established the parts deliveries to

---

[1] The witness denied, however, that plaintiff had given any warranty, and testified that the only warranty applicable would be that of the crane manufacturer, the Bucyrus Company.

defendant. He identified four such Bucyrus invoices or copies thereof (Exhibits 3–6) as the basis of plaintiff's billing to defendant (Exhibit 1). He also identified that part of plaintiff's accounts receivable ledger dealing with defendant (Exhibit 2) to show the account and nonpayment thereof. All six exhibits were received, although some were photocopies to which objection had been made by defendant.

When plaintiff rested, defendant declined to offer any proofs, asserting that plaintiff had failed to prove a prima facie case and that any contract proved was barred by the statute of frauds.[2] The trial court rendered judgment for the full amount claimed, and defendant asserts the same arguments here, with the further assertion that plaintiff's exhibits were erroneously admitted in evidence since the business records act[3] was not complied with.

We may dispose summarily of the statute of frauds argument. This is an affirmative defense, required to be specially pleaded by GCR 1963, 111.7. It was neither pleaded nor asserted by pretrial statement, and is waived. *Trisch v Fairman,* 334 Mich 432; 54 NW2d 621 (1952). It is, in any event, not applicable under the Uniform Commercial Code as to merchandise received and accepted. MCLA 440.2201(3)(c), 440.2606; MSA 19.2201(3)(c), 19.2606.

We cannot accept plaintiff's claim that defendant's liability is established upon an account stated merely by proof of the billing and the accounts receivable ledger. Neither the exhibits themselves nor the testimony of Mr. Buchan establish the continued course of dealing or other cir-

---

[2] MCLA 440.2201(1); MSA 19.22011.

[3] MCLA 600.2146; MSA 27A.2146.

cumstances suggesting a balance struck required for an account stated. Indeed, Mr. Buchan's testimony shows that the obligation was denied by defendant at the first opportunity after the boom was repaired. See *Thomasma v Carpenter,* 175 Mich 428; 141 NW 559 (1913).

The trial judge was correct, however, in finding that plaintiff's proofs were prima facie sufficient to establish an implied contract in fact. The trial judge found that plaintiff had proved an order from defendant for replacement parts, deliveries of such parts to and acceptance thereof by defendant, and a corresponding billing therefor by plaintiff. This is all that is required to establish prima facie the implied obligation to pay. In *Miller v Stevens,* 224 Mich 626, 632; 195 NW 481 (1923), the court said:

"A contract is implied where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction. Where there is no express contract a contract may be implied in fact, where one engages or accepts beneficial services of another for which compensation is customarily made and naturally anticipated, and although there be no express stipulation between the parties for wages or price the law implies an understanding or intent to pay the value of the services rendered."

Defendant argues, however, that there could be no implied promise to pay since it did not in fact intend to pay, having treated the matter from the first as plaintiff's warranty obligation. While defendant, by cross-examination of the plaintiff's vice-president, brought out facts tending to prove the existence of a warranty on the original sale of

the crane for which the replacement parts in question were furnished, no evidence was elicited from him tending to establish a breach of warranty or that the parts were ordered on a claim of breach of warranty. Defendant cites no authority for the claim that the burden is on the vendor of machinery under warranty to prove that the machinery was as warranted as a condition precedent to recovery for the sale of replacement parts. To the contrary, as to goods accepted, the burden is on the buyer to establish any claimed breach of warranty. MCLA 440.2607(4); MSA 19.2607(4). *Waterman-Waterbury Co v School District,* 182 Mich 498; 148 NW 673 (1914).

We turn, then, to the evidentiary questions raised about the proofs by which plaintiff established the prima facie case, as found by the trial judge. Defendant's answer and pretrial statement admit only generally the order for and delivery of replacement parts. It was, therefore, incumbent on plaintiff to prove specifically what parts were delivered to defendant. Plaintiff's witness had no personal knowledge thereof, the proof of particular deliveries resting on the Bucyrus invoices, Exhibits 3–6, above mentioned. While defendant now claims that all four exhibits should have been excluded as photocopies, the record discloses that counsel expressly advised the court that there was no objection as to Exhibits 3 and 6. We are concerned, then, solely with Exhibits 4 and 5 which the witness identified as photocopies of the original invoices from plaintiff's files,[4] and to the admission of which defendant made appropriate objection.

The Revised Judicature Act[5] re-enacted prior

---

[4] Actually, these were photocopies of carbon copies of computer printed invoices, the original of which, according to the witness, remained with the Bucyrus Company.

[5] 1961 PA 236.

business records acts which authorize the admission of reproduced copies of original business records under three different circumstances. Section 2146[6] provides for admission of reproduced copies of business records upon motion heard on not less than four days notice. Section 2147[7] permits admission of reproduced copies of business records in the discretion of the court, and upon certain conditions precedent, including certification by the persons supervising the reproduction, and pretrial delivery of a copy to the opposing party. Section 2148[8] authorizes destruction of business records which have been preserved by reproduction process, and allows admission of the reproduction as an original in lieu of the destroyed original.

Here, the testimony of plaintiff's vice-president was sufficient to prove the preliminary fact that the Bucyrus invoices were kept as business records within the meaning of the Act, but it went no further. There was no preliminary motion and order under Section 2146; there was no showing of certification and pretrial delivery of a copy under Section 2147; and the testimony of the witness established that the originals existed so that Section 2148 was inapplicable. The objection to Exhibits 4 and 5, therefore, was appropriate and their admission was in error. There being no other evidence of the deliveries of the parts therein described, the judgment in favor of plaintiff must be reduced accordingly.

While defendant objected to the receipt of Exhibits 1 and 2, the objection was based upon other grounds which are abandoned herein. Exhibit 1, plaintiff's invoice to defendant, as described by the

---

[6] MCLA 600.2146; MSA 27A.2146.

[7] MCLA 600.2147; MSA 27A.2147.

[8] MCLA 600.2148; MSA 27A.2148.

witness, itemizes plaintiff's billing by reference to Exhibits 3 through 6. Unfortunately, plaintiff's counsel has failed to file the exhibits with the clerk of the trial court for transmission to the Court of Appeals as required by GCR 1963, 812.4. We are thus unable to determine the billing shown thereon attributable to the parts described by the improperly received exhibits. We accordingly remand for determination thereof and a reduction of the judgment accordingly, with costs to plaintiff.

All concurred.