TOUSSAINT v BLUE CROSS AND BLUE SHIELD OF MICHIGAN

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—TERMS AND
   PROVISIONS—INTENTIONS OF PARTIES—QUESTION OF FACT.

   Generally, a contract of employment must be the result of a
   voluntary act, importing the mutual intent of the parties to be
   bound by its terms and provisions, and where there is no
   written evidence of mutual intention, the formation of the
   contract and its terms are necessarily a question to be resolved
   by the trier of fact.

2. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—INTENTIONS
   OF PARTIES—EMPLOYER'S POLICY MANUALS.

   Only a clear preponderance of the evidence will sustain a finding
   of mutual intent to incorporate the provisions of an employer's
   policy manual into an employment contract.

3. MASTER AND SERVANT—EMPLOYER'S POLICY MANUALS—FLEXIBIL-
   ITY OF MANAGEMENT—INTENTIONS OF PARTIES—APPEAL AND
   ERROR.

   Employers' policy manuals which describe the nature and operat-
   ing policies of their business require flexibility of amendment
   or discontinuation if management is to have the ability to cope
   with rapid changes in the economic environment; therefore, the
   Court of Appeals should not destroy that essential flexibility by
   sustaining a finding of vested employee rights in such manuals,
   absent supporting evidence that such was the mutual intent of
   the parties.

4. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EMPLOYMENT
   AT WILL—TERMINATION OF EMPLOYMENT.

   A contract for permanent employment or employment for life is a

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 53 Am Jur 2d, Master and Servant § 14 *et seq.*
[4] 53 Am Jur 2d, Master and Servant § 32.
[5] 53 Am Jur 2d, Master and Servant §§ 34, 43.
[6–8] 53 Am Jur 2d, Master and Servant § 23.
    72 Am Jur 2d, Statute of Frauds § 34 *et seq.*
    73 Am Jur 2d, Statute of Frauds § 589 *et seq.*
[9] 20 Am Jur 2d, Courts § 82 *et seq.*
[10] 61 Am Jur 2d, Pleadings § 152 *et seq.*

contract for an indefinite period and terminable at the will of either party; an employee under such a contract may be terminated with or without cause, the decision being solely within the determination of the employer.

5. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EMPLOYMENT AT WILL—ARBITRARY AND CAPRICIOUS DISCHARGE.

The arbitrary and capricious discharge of an employee by his employer is not actionable under an employment contract which is terminable at the will of either party.

6. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—STATUTE OF FRAUDS—PERFORMANCE WITHIN A YEAR—AFFIRMATIVE DEFENSES—PLEADING.

An employment contract for a time exceeding one year comes within the statute of frauds which is an affirmative defense that must be specifically pleaded.

7. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—STATUTE OF FRAUDS—AFFIRMATIVE DEFENSES—PLEADING—TERM OF EMPLOYMENT.

The defense of the statute of frauds may properly be raised by a defendant employer in a case where a terminated employee claims that his contract of employment was breached notwithstanding the omission of raising the statute as an affirmative defense in the pleadings where a term of employment was not raised until the plaintiff's testimony was given on direct examination, plaintiff asserted in his testimony that the contract for employment was until he attained the age of sixty-five, and plaintiff later stated that he did not claim the contract term was specific and where defendant moved for directed verdict on the basis of the statute at the conclusion of plaintiff's case.

8. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—STATUTE OF FRAUDS—AFFIRMATIVE DEFENSES—EMPLOYMENT AT WILL.

The statute of frauds is not a defense to an ordinary employment contract terminable at the will of either party, and if an employee's claim is predicated upon such a contract no reason exists to raise the statute as an affirmative defense.

9. COURTS—COURT RULES—OBJECT OF RULES—JUSTICE.

An objective in drafting the court rules was to de-emphasize procedural niceties so that cases can more readily be disposed of on their merits; application of the rules should not become a fetish to the extent that justice in an individual case is not done.

10. Courts—Court Rules—Intention of Rules—Raising Defenses
    —Surprise Defenses—Prejudice.

   A party shall in separate defenses set forth the facts constituting
   any affirmative defense and any ground of defense which, if not
   raised in the pleading, would be likely to take the adverse
   party by surprise; this is to avoid prejudicing substantial rights
   by precluding a party from raising a defense at a point in the
   proceedings where his adversary is unable to prepare a rebuttal
   (GCR 1963, 111.7).

Appeal from Wayne, John D. O'Hair, J. Submitted June 24, 1977, at Detroit. (Docket No. 28888.) Decided November 8, 1977. Leave to appeal applied for.

Complaint by Charles Toussaint against Blue Cross and Blue Shield of Michigan for wrongful discharge from employment. Judgment for plaintiff. Defendant appeals. Reversed.

*Gottlieb & Goren, P. C.,* for plaintiff.

*Long, Preston, Kinnaird & Avant,* for defendant.

Before: D. C. Riley, P. J., and Bashara and P. R. Mahinske,* JJ.

Bashara, J. Defendant appeals from a jury verdict awarding damages to plaintiff. Plaintiff claimed that his termination from defendant's employ was wrongful and in breach of the employment contract.

At trial, plaintiff testified that at the time he was hired a person in defendant's personnel department stated that plaintiff would remain employed until retirement at age 65, unless discharged for cause. Numerous exhibits were placed in evidence, two of which were defendant's employee's guidelines manual and a supervisor's manual. Plaintiff claimed that the provisions of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

those manuals constituted part of the terms of his employment contract. The contract, except for the manuals, was entirely oral.

Plaintiff's theory of the case is rather nebulous as it relates to the term of the employment contract. Frequently plaintiff referred to an employment for life, while at one point in his testimony he stated that he was to be employed until he reached age 65. In response, defendant asserted that under Michigan law, employment for life, absent the existence of special consideration, is an employment at will, terminable at any time with or without cause.

At the conclusion of plaintiff's case in chief the defendant moved for a directed verdict. The trial judge requested that the defendant first present its case, whereupon an opportunity would be given to make the motion with the same effect as if made at the conclusion of plaintiff's proofs. Defense counsel acquiesced, made the motion for directed verdict subsequent to the jury's retiring for deliberations, and the motion was denied.

The motion for directed verdict raised the statute of frauds as a defense.[1] The trial judge stated that in his discretion the defense was not properly raised and not available to the defendant. Defense counsel stated that he did not raise the statute as a defense because the claim that the employment was for a specified term was not raised until plaintiff gave testimony at trial.

It is defendant's contention that the policy man-

---

[1] The applicable section of the statute is as follows:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:

"1. Every agreement that, by its terms, is not to be performed in 1 year from the making thereof * * * ". MCLA 566.132; MSA 26.922.

ual provisions did not constitute legally enforceable contract terms. Further, defendant claims that plaintiff's allegation as to permanent employment, under Michigan law, creates an employment at will, terminable at any time with or without cause. Therefore, defendant, as a matter of law, has no liability to plaintiff based upon breach of contract.

Alternatively, defendant contends that if plaintiff sought to establish an employment for a specified term exceeding one year, the statute of frauds precludes plaintiff's recovery. As a corollary, defendant claims that the denial of its motion for directed verdict was erroneous.

We must determine whether the distribution of policy and procedure manuals by an employer to an employee at the inception of the employment relationship can constitute terms which are contractually binding.

As with contracts generally, a contract of employment must be the result of a voluntary act, importing the mutual intent of the parties to be bound by its terms and provisions. See *McDonald v Boeing*, 43 Mich 394; 5 NW 439 (1880). Where, as in this case, there is no written evidence of mutual intention, the formation of the contract and its terms are necessarily a question to be resolved by the trier of fact.

We cannot say, as a matter of law, that the trier of fact could not find that the policy manual provisions were made part of the employment contract. There is no claim by the defendant that the jury's finding on this issue of fact was contrary to the great weight of the evidence. Consequently, it must remain undisturbed.

However, only a clear preponderance of the evidence will sustain a finding of mutual intent to

incorporate the provisions of an employer's policy manual into an employment contract. Such manuals often describe the business purpose and scope of the enterprise's product line or services so as to acquaint the new employee with the employer. Those aspects of the business, as well as many operating policies deployed in the management of an enterprise, require flexibility of amendment or discontinuation if management is to have the ability to cope with rapid changes in the economic environment. This Court is loath to destroy that essential flexibility by sustaining a finding of vested employee rights in such manuals, absent supporting evidence that such was the mutual intent of the parties.

We must also determine whether, as a matter of law, an employee can sustain a claim for damages from wrongful discharge where the contract of employment is at will. It is our conclusion that he cannot, absent some claim of special consideration[2] passing from the employee to the employer or that the discharge contravenes some settled public policy.[3]

The principle is well established in Michigan that a contract for permanent employment or employment for life is a contract for an indefinite period and terminable at the will of either party. *Adolph v Cookware Company of America,* 283 Mich 561; 278 NW 687 (1938), *Lynas v Maxwell Farms,* 279 Mich 684; 273 NW 315 (1937). An employee under such a contract may be terminated with or without cause, the decision being

---

[2] The special consideration referred to must be something other than the employee's promise to render the services contemplated by the contract. *See Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938).

[3] *See, e.g., Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976).

solely within the determination of the employer. *Percival v General Motors Corp,* 539 F2d 1126 (CA 8, 1976), applying Michigan law, *McLaughlin v Ford Motor Co,* 269 F2d 120 (CA 6, 1959).

Even if the jury found that the provisions of defendant's policy manuals were part of the employment contract, the judgment could not be sustained if the contract was terminable at will. This perforce follows from the mutual ability of the employer and employee to end the contract at any time, *i.e.,* the operative force of the contract terms ceases when the continuation of the contract is terminated. Therefore, a contract of indefinite duration cannot be made other than terminable at will by a provision that states that an employee will not be discharged except for cause.

Thus, if plaintiff's recovery is to be sustained, it must be premised upon a jury finding that the oral contract was for a specified term. Any other conclusion would lead to the legally incongruous result that a contract terminable without cause is actionable for damages if the jury finds no cause for an employee's discharge. Further, this Court has held that even an arbitrary and capricious discharge is not actionable under a contract terminable at will. *Hernden v Consumers Power Co,* 72 Mich App 349; 249 NW2d 419 (1976).

Whether the parties intended that an employment contract be made for a specified term is a question of fact. *Paxson v Cass County Road Commission,* 325 Mich 276; 38 NW2d 315 (1949). Here, that question was apparently resolved by the jury in plaintiff's favor. It, therefore, becomes necessary for us to determine whether defendant properly raised the defense of the statute of frauds, since an employment contract for a term exceeding one year comes within the statute. *Ambrose v Detroit*

*Edison Co,* 367 Mich 334; 116 NW2d 726 (1962), *Commercial Factors Corp v Zephyr Awning Corp,* 353 Mich 251; 91 NW2d 511 (1958).

We start with the basic principle that the statute of frauds is an affirmative defense, which must be specifically pleaded. 1963 GCR 111.7, *Trisch v Fairman,* 334 Mich 432; 54 NW2d 621 (1952). Although defendant did not raise the statute as an affirmative defense in his pleading, our inquiry does not end there. Two aspects of this case lead us to conclude that the defense was properly raised, notwithstanding the apparent omission.

In *Downing v Underwood,* 216 Mich 401; 185 NW 777 (1921), the Supreme Court, in deciding that the statute of frauds defense was not properly raised, stated:

"The plea was the general issue; there was no notice under it of the defense of the statute of frauds, *nor was there any motion for a directed verdict* on the ground that the contract claimed by plaintiff to have been made was void under the statute of frauds, nor was there any objection to testimony on the ground of the statute of frauds, *nor was the statute of frauds mentioned in any request preferred by defendant.* Under these circumstances the question is not before us." *Id.* at 403; 185 NW 778. (Emphasis added.)

Here, at the conclusion of plaintiff's case, the defendant moved for a directed verdict. At the behest of the trial judge, defendant went forward with its proofs in reliance on the trial judge's statement that it could make the motion at the conclusion of its case with the same effect as if made when the plaintiff rested.[4] However, when

---

[4] The following colloquy occurred:

"THE COURT: Mr. Page?

"MR. PAGE [defense counsel]: Your Honor, at this time, we intend to move for directed verdict.

"THE COURT: Why don't we go ahead with your proofs and you'll

the motion was made, the trial court rejected the statute of frauds defense as not properly raised.

An additional aspect of this case warrants our holding that the statute of frauds was available to defendant. Apparently until plaintiff's testimony was given on direct examination, no specific term of employment was claimed. In his testimony plaintiff asserted the claim that the contract was for employment until he attained the age of 65. Compounding the confusion, plaintiff stated in his rebuttal argument to the jury that he did not claim the contract term was specific. Nevertheless, the issue of contract term was submitted to the jury.

Under the circumstances, the confusion underlying plaintiff's contract claim could have misled defendant, resulting in the omission of the defense from its pleading. The statute of frauds is not a defense to an ordinary employment contract terminable at the will of either party. Thus, if plaintiff's claim was predicated upon such a contract, no reason existed to raise the statute as an affirmative defense.

The committee comment to GCR 1963, 13, states that an objective in drafting the court rules was to "de-emphasize procedural niceties so that cases can more readily be disposed of on their merits", and that application of the rules "should not become a fetish to the extent that justice in an individual case is not done". See 1 Honigman & Hawkins, Michigan Court Rules Annotated, Rule 15. Further, the concluding clause following the nonexclusive catalog of affirmative defenses in

---

be afforded the opportunity to formally make your motion at some later time, as if it had been made at the exact—completion of the Plaintiff's proofs, is that satisfactory?

"MR. PAGE: Yes, sir. Thank you, Your Honor."

GCR 1963, 111.7, states, "and any ground of defense which, if not raised in the pleading, would be likely to take the adverse party by surprise". The apparent intent of the rules is to avoid prejudicing the substantial rights of a claimant by precluding a party from raising a defense at a point in the proceedings where the claimant is unable to prepare a rebuttal.

From the record, it is apparent that plaintiff had knowledge during the presentation of his case in chief that the defendant raised the statute of frauds as a defense. This was asserted by defendant at the commencement of the third day of trial, in conjunction with a request to present witnesses not listed on the pretrial summary. The only objection proffered by plaintiff's counsel was to the admission of the witnesses' testimony.

We conclude on the basis of the circumstances presented, that the statute of frauds defense was available to the defendant. Accordingly, it was error for the trial judge to deny defendant's requested jury instruction on that defense.

We reject plaintiff's contention that partial performance would remove the contract from the statute. Nothing in the performance of plaintiff's function with defendant would be objectively referable to establishing the existence of a contract for a specific term.

In view of our holding regarding employment contracts terminable at will and the availability of the statute of frauds defense, we further conclude that the defendant's motion for directed verdict should have been granted. Plaintiff could not recover, as a matter of law, on either theory underlying his claim. No liability would result from plaintiff's discharge under a contract at will and the statute of frauds precludes enforcement of a

contract, the performance of which, by its terms, is not to be completed within one year. Thus, remanding the case for retrial because of the erroneous omission of an instruction is unwarranted.

Accordingly, we reverse the judgment of the trial court and remand with instructions to enter a judgment for defendant.

Reversed. Costs to defendant.